David Mazie
Matthew Mendelsohn
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone:  (973) 228-9898

Richard Norman
R. Martin Weber, Jr.
**CROWLEY NORMAN LLP**
3 Riverway, Suite 1775
Houston, Texas  77056
Telephone:  (713) 651-1771

Thomas K. Brown
Justin Presnal
**FISHER, BOYD, BROWN, & HUGUENARD, L.L.P.**
2777 Allen Parkway, 14th Floor
Houston, Texas  77019
Telephone:  (713) 400-4000

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOANNE NEALE and KERI HAY individually and on behalf of all others similarly situated, | : : : |
| Plaintiffs, | : **Civil Action No.: _____** : |
| vs. | : **ORIGINAL COMPLAINT** : **AND JURY DEMAND** |
| VOLVO CARS OF NORTH AMERICA, LLC;  VOLVO CAR CORPORATION, | : : : |
| Defendants. | : : |

Joanne Neale and Keri Hay, individually and on behalf of all others similarly situated,

by way of Complaint against the defendant, Volvo Cars of North America, LLC and Volvo

Car Corporation,  (referred to collectively hereinafter as "Volvo") say:

**FACTUAL OVERVIEW**

1. Between 2000 and the present, Plaintiffs and the Plaintiff Class (as defined below) purchased or leased the Class Vehicles, defined as including, but not limited to: S40, S60, S70, S80, V50, V70, XC70, XC90, and all other Volvo models that have defective sunroof drains and sunroof drain systems.

2. The sunroof drain is present on the Class Vehicles to drain water from the sunroof.

3. The Class Vehicles were negligently designed by Volvo and/or contained defects in material and workmanship because the Class Vehicles have defective sunroof drains and sunroof drain systems. The Class Vehicles were designed and/or manufactured in such a way as to render the sunroof drains and sunroof drain systems defective and/or subject to damage. These drains may further contain other defects that may emerge during the course of discovery. Specifically, the Class Vehicles' defects allowed and continue to allow the sunroof drains and sunroof drain systems to easily clog with debris, causing water to spill over and into the vehicles' interiors, causing extensive damage.

4. The defects described herein, which allow water to leak into the Class Vehicles' interior passenger compartment and cause substantial damage to said compartment, is of such a serious nature that, had the Plaintiffs and the members of the Plaintiff Class known or been apprized of the design defects and/or defects in material and workmanship at the time of sale or lease, they would have not purchased or leased the Class Vehicles, or would have demanded that the price or cost be reduced.

5. The Class Vehicles, containing these common defect(s), violates Volvo internal standards for vehicle design and manufacture. The Class Vehicles, containing these common

defects, also violate accepted engineering and/or automotive industry principles, standards, and guidelines.

## JURISDICTION AND VENUE

6. The United States District Court for the District of New Jersey has jurisdiction over the subject matter of this action under: (a) the Class Action Fairness Act of 2005, 28 U.S.C. §1332; (b) diversity jurisdiction under 28 U.S.C. §1332(d)(2); and (c) supplemental jurisdiction pursuant to 28 U.S.C. §1367.

7. The named Plaintiffs are citizens of Massachusetts and Maryland respectively and they seek to certify and represent a national class of owners and lessees of Volvo Class Vehicles, constituted of citizens of states different than that of one or more defendants and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.

8. In addition, venue is proper in this District under 28 U.S.C. §1391(b) because defendant Volvo Cars of North America, LLC has its headquarters and principal place of business in this District, is subject to personal jurisdiction in this District, and conducted many of the design, manufacturing, and warranty decisions giving rise to the allegations set forth herein in this District.

## THE PARTIES

9. Plaintiff Joanne Neale ("Neale") is a citizen of the State of Massachusetts and resides in Needham, MA. Neale purchased a certified pre-owned 2005 Volvo V50 4-door wagon on or about October 25, 2008.

10. Plaintiff Keri Hay ("Hay") is a citizen of the State of Maryland and resides in Gaithersburg, MD. Hay purchased a certified pre-owned 2005 Volvo XC90 on or about September 28, 2008.

11. Defendant, Volvo Cars of North America, LLC, is a New Jersey corporation engaged in the business of designing, manufacturing, distributing and selling automobiles. It is organized under the laws of the State of New Jersey and doing business in all 50 states in the United States, with its principal place of business in Rockleigh, New Jersey. Volvo Cars of North America, LLC designs, manufactures, distributes, markets, services, repairs, sells and leases passenger vehicles, including the Class Vehicles, nationwide.

12. Defendant, Volvo Car Corporation (also referred to as Volvo Personvagnar AB) is a Swedish corporation engaged in the business of automobile design, manufacturing, and distribution. Volvo Car Corporation designs, manufactures, distributes, markets, services, repairs, sells and leases passenger vehicles, including the Class Vehicles, nationwide.

13. The "Plaintiff Class" is defined as and consists of: All individuals who purchased or leased a Volvo S40, S60, S70, S80, V50, V70, XC70, XC90 vehicle, from 2000 through the present.

**SPECIFIC FACTUAL ALLEGATIONS AS TO PLAINTIFF NEALE**

14. Plaintiff Neale repeats and restates the foregoing allegations as if set forth at length herein.

15. On or about October 25, 2008, plaintiff Neale purchased a certified pre-owned 2005 Volvo V50 automobile designed, manufactured and sold by defendants.

16. At the time of sale, Neale's vehicle, as with the Class Vehicles of all class members, contained a defective sunroof drain and sunroof drain system and otherwise failed to conform to defendants' warranty. When Neale's Volvo V50 had been driven approximately 32,000 miles, Neale noticed that her interior carpet was wet and she heard a "sloshing" sound when braking and turning corners. Soon thereafter, Neale brought her vehicle to Dalzell

Volvo, an authorized Volvo dealer and service center. The Volvo technician told Neale that she was experiencing a common problem. Neale was charged approximately $592 for repairs associated with the water intrusion into her vehicle, which was proximately caused by the defects in material and workmanship described herein.

17. Neale was further advised that the repairs would not be covered under her warranty on the basis that the problem was caused by an "outside influence."

## SPECIFIC FACTUAL ALLEGATIONS AS TO PLAINTIFF HAY

18. Plaintiff Hay repeats and restates the foregoing allegations as if set forth at length herein.

19. On or about September 28, 2008, plaintiff Hay purchased a certified pre-owned 2005 Volvo XC90 automobile designed, manufactured and sold by defendants.

20. At the time of sale, Hay's vehicle, as with the Class Vehicles of all class members, contained a defective sunroof drain and sunroof drain system and otherwise failed to conform to defendants' warranty. When Hay's Volvo XC90 had been driven approximately 48,000 miles, Hay noticed that the rear floor mats in her vehicle were soaking wet. Soon thereafter, Hay brought her vehicle to Darcars Volvo, an authorized Volvo dealer and service center. The Volvo technician told Hay that she was experiencing a common problem. Hay was charged approximately $775 for repairs associated with the water intrusion into her vehicle, which was proximately caused by the defects in material and workmanship described herein.

21. Hay has contacted Volvo about the problem with her vehicle, yet Volvo has been unwilling to investigate or address Hay's complaints.

**FRCP 23 CLASS CERTIFICATION IS APPROPRIATE**

22.     **Numerosity.**  Based upon information and belief, the Class is comprised of hundreds of thousands of individuals who are geographically disbursed across the United States.  As a result, joinder of individual Plaintiffs is impracticable.  The disposition of Plaintiffs' claims will provide a substantial benefit to the persons and the court System by using Rule 23 as the vehicle to adjudicate the rights of hundreds of thousands of individuals in one cause of action.  Joining and naming each Class Member as a co-plaintiff is unreasonable and impracticable.  Such a requirement would only result in Defendants' retention of money which is necessary to compensate the Class to remedy and/or remediate the damage caused by Defendants' illegal activities.

23.     **Common Questions of Law and Fact.**  There exist questions of law or fact common to the members of the class that predominate over questions of law or fact affecting only individual members.  The questions of law or fact common to all members include but are not limited to:

(a)     Whether the Class Vehicles contain defective sunroof drains and/or sunroof drain systems;

(b)     Whether Volvo has failed to properly service, repair, correct or address the alleged defect(s) and provide consumers with a non-defective vehicle;

(c)     Whether Volvo has breached its warranty due to the existence of the alleged defect(s) and/or its failure to cover repairs associated with the alleged defects pursuant to its warranties;

(d)     Whether Plaintiffs and the Plaintiff Class are entitled to revoke acceptance and/or rescind their contracts of sale and/or lease, as appropriate;

(e) Whether Volvo has concealed and/or misrepresented information concerning the defect(s) inherent in sunroof drains and/or sunroof drain systems;

(f) Whether Volvo intentionally and/or negligently misrepresented what maintenance and service needed to be performed to properly maintain the Class Vehicles;

(g) Whether the Class Vehicles' sunroof drains and/or sunroof drain systems are inherently defective and not of merchantable quality; and

(h) Whether the Plaintiffs and the Plaintiff Class, as a result of Volvo's breach and misconduct, are entitled to injunctive relief and other relief, and if so, the amount of any such relief.

24. **Typicality.** The claims of the Plaintiffs are substantially similar to the claims of the entire class and are typical of the claims of the class.

25. **Adequacy of Representation.** Plaintiffs will fairly and adequately represent the interests of the Class. The interests of the Class are not antagonistic with those of any of the individual Plaintiffs. Plaintiffs have the ability to assist and adequately protect the rights of the Class during the litigation. Further, Plaintiffs are represented by legal counsel who are competent and experienced in this type of Class Action litigation.

26. **Superiority**. The maintenance of this action as a class action is superior to all other available methods of adjudication in achieving a fair and efficient adjudication of the controversy in this matter because:

(a) The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class;

(b) The action is manageable as a class action because notice of the pendency of this action can readily be furnished to all prospective members of the class since Volvo knows their identities;

(c) In view of the complexity of the issues and the expense of litigation, the separate claims of the individual class members are insufficient in amount to support the prosecution of separate actions because such members would lack the economic incentive to prosecute such actions;

(d) It is probable that the amount that may be recovered by individual class members as a group will be large enough in relation to the expense and effort of administering the action to justify a class action; and

(e) The class members have a common and undivided interest to ensure that owners and lessees of Class Vehicles will be compensated for the costly repairs to their vehicles as well as the consequent depreciation and diminution in the value of their vehicles and to ensure that Volvo does not continue to economically damage and defraud consumers through unscrupulous and unconscionable business practices.

## THE CLAIMS OF THE PLAINTIFF AND THE CLASS

### FIRST COUNT
**(Breach of Express Warranty)**

27. Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

28. At all relevant times, Volvo has continuously designed, manufactured, distributed, marketed, sold and leased the Class Vehicles and warranted that each vehicle was free of defects. Moreover, Volvo expressly warranted to the general public and to Plaintiffs and the Plaintiff Class that the Class Vehicles were safe and properly designed and

manufactured. Volvo expressly warranted that these vehicles were safe to use for ordinary and expected uses for a passenger vehicle. Volvo warranted to the general public and to Plaintiffs and Plaintiff Class that the construction, design and manufacture of the Class Vehicles were appropriate and safe.

29.     Despite Volvo's express warranties, the Class Vehicles were sold or leased to Plaintiffs and members of the Plaintiff Class in a defective condition in that each Class Vehicle contained defective sunroof drains and sunroof drain systems that over time caused water to back up and spill over into the vehicles' interior. This damaged the interior of the vehicle, including the electrical components, interior carpets and carpet padding of the vehicles. Furthermore, Defendants failed to warn Plaintiffs and members of the Plaintiff Class of the problems associated with the sunroof drains and sunroof drain systems.

30.     Unbeknownst to Plaintiffs and members of the Plaintiff Class at the time they purchased or leased the Class Vehicles, Volvo designed and sold vehicles that were defective in workmanship, material and manufacturing by virtue of the defects set forth and described herein.

31.     By reason of the foregoing, Volvo has breached its express warranties to Plaintiffs and members of the Plaintiff Class and is liable to Plaintiffs and members of the Plaintiff Class for such breach.

32.     Plaintiffs Hay and Neale both purchased used vehicles that came with Volvo's Certified Pre-Owned Warranty ("CPO Warranty"). While both plaintiffs' vehicles were still covered by the CPO Warranty, Plaintiffs Hay and Neale sustained damage to their vehicles as a result of water ingress caused by defective sunroof drains and sunroof drain systems. Pursuant to the terms of the CPO Warranty Plaintiffs brought their vehicles to Volvo

authorized service centers and requested the repairs be completed under the CPO Warranty. Despite this, Volvo denied Plaintiffs warranty claims on the basis that the water ingress was caused by an "outside influence," which Volvo contends was not covered under the CPO Warranty.

33. Volvo knew of the aforesaid defects at least as early as September 2, 2005 -- as evidenced by the Technical Service Bulletin No. 83-34 issued by Volvo -- and continues to have knowledge of the defect(s) and breaches of its express warranty, yet has intentionally failed to notify Plaintiffs and members of the Plaintiff Class.

34. This intended failure to disclose known defect(s) is malicious, and was carried out with willful and wanton disregard for the rights and economic interests of Plaintiffs and members of the Plaintiff Class.

35. As a result of the Defendants' actions, Plaintiffs and members of the Plaintiff Class have suffered economic damages including but not limited to costly repairs, loss of use of the vehicles, substantial loss in value and resale value of the vehicles, and other damage.

WHEREFORE, Plaintiffs and members of the Plaintiff Class demand judgment against the Defendants for:

(a) Compensatory damages;

(b) Punitive damages;

(c) Attorneys' fees;

(d) Interest;

(e) Costs of suit; and

(f) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### (Breach Of Implied Warranty)

36. Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

37. The purchase or lease of the Class Vehicles by Plaintiffs and members of the Plaintiff Class with defective sunroof drains, and/or sunroof drain systems, from Volvo authorized dealers and agents, is governed by the warranty provision of the Uniform Commercial Code ("UCC").

38. The UCC has been adopted in every state in the United States of America.

39. Volvo is a "merchant" as defined by the UCC.

40. The Class Vehicles are "goods" as defined by the UCC.

41. Volvo's express warranty does not and cannot exclude the Uniform Commercial Code's implied warranty of merchantability.

42. Plaintiffs and members of the Plaintiff Class are provided with an implied warranty of merchantability by the UCC.

43. Pursuant to the provisions of the UCC, the Class Vehicles are not "merchantable" because their defective condition does not pass without objection in the trade.

44. The Class Vehicles, at the time they left Volvo's control, had defect(s) which over time caused water to build up and leak within the car, causing damage to electrical wiring and components, and/or the interior carpet and carpet padding, seats, and other interior structures.

45. Defendants knew and continue to have knowledge of the defect(s) and breach of their warranty, yet have intentionally failed to notify Plaintiffs and members of the Plaintiff Class.

46.     This intended failure to disclose known defect(s) is malicious, and was carried out with willful and wanton disregard for the rights and economic interests of Plaintiffs and members of the Plaintiff Class.

47.     As a direct and proximate result of the defective Class Vehicles and Volvo's breach of the implied warranty of merchantability, Plaintiffs and members of the Plaintiff Class have suffered economic damages including but not limited to costly repairs, loss of use of the vehicles, substantial loss in value and resale value of the vehicles, and other damage.

WHEREFORE, Plaintiffs and members of the Plaintiff Class demand judgment against the Defendants for:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Attorneys fees;

(d)     Interest;

(e)     Costs of suit; and

(f)     Such other relief as the Court deems equitable and just.

## THIRD COUNT
(**Breach of Duty of Good Faith and Fair Dealing**)

48.     Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

49.     Each contract of sale and lease agreement entered by Plaintiffs and members of the Plaintiff Class for the purchase and lease of the Class Vehicles contains an implied term requiring Defendants to adhere to a duty of good faith and fair dealing.

50.     Defendants have breached their duty of good faith and fair dealing by, among other things, failing to notify Plaintiffs and members of the Plaintiff Class of the defect(s) in the Class Vehicles, failing to notify Plaintiffs and members of the Plaintiff Class that damage

to the vehicle caused by said defects would not be covered under the CPO Warranty they purchased, failing to notify Plaintiffs and members of the Plaintiff Class about the existence of these drains and that they needed regular maintenance in order to reduce the chance of clogging, and failing to fully and properly repair the defect(s) and resulting damage to the Class Vehicles, at no expense to Plaintiffs and members of the Plaintiff Class.

51. Defendants' breach of their implied duty of good faith and fair dealing was intentional, malicious, and with willful and wanton disregard of the rights and interests of Plaintiffs and members of the Plaintiff Class.

52. As a direct and proximate result of Volvo's breach of its implied duty of good faith and fair dealing, Plaintiffs and members of the Plaintiff Class have suffered damages including but not limited to costly repairs, loss of use of the vehicles, substantial loss in value and resale value of the vehicles, and other damages.

WHEREFORE, Plaintiffs and members of the Plaintiff Class demand judgment against the Defendants for:

(a) Compensatory damages;

(b) Punitive damages;

(c) Attorneys' fees;

(d) Interest;

(e) Costs of suit; and

(f) Such other relief as the Court deems equitable and just.

## FOURTH COUNT
### (Negligent Misrepresentation)

53.     Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

54.     Volvo negligently failed to disclose defect(s) and continuously made negligent misrepresentations and omissions regarding defect(s) in the Class Vehicles to Plaintiffs and members of the Plaintiff Class during the sale, lease, maintenance, and servicing of said vehicles.

55.     Volvo negligently advised the Plaintiffs and members of the Plaintiff Class that certain maintenance and servicing was the only maintenance and servicing necessary and appropriate to properly maintain the Class Vehicles.  Volvo also willfully omitted the fact that damage caused by the defective sunroof drains and sunroof drain systems would not be covered under the CPO Warranty.

56.     Plaintiffs and members of the Plaintiff Class justifiably relied on Volvo's representations and/or omissions to their detriment, and as a result, suffered damages.

57.     By virtue of the foregoing, Volvo has committed negligent misrepresentation.

WHEREFORE, Plaintiffs and members of the Plaintiff Class demand judgment against the Defendants for:

(a)     Compensatory damages;

(b)     Interest;

(c)     Costs of suit;

(d)     Attorney's fees; and

(e)     Such other relief as the Court deems equitable and just.

## FIFTH COUNT
### (Statutory Consumer Fraud)

58. Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

59. The advertisement, promotion, distribution, supply, sale, and lease of the Class Vehicles is a "sale or advertisement" of "merchandise" governed by the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

60. By advertising, promoting, distributing, supplying, selling and leasing the Class Vehicles, when Volvo knew or should have known that each of the Class Vehicles' sunroof drains and/or sunroof drain systems were or could be defective, Volvo engaged in an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression, or omission, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

61. As a direct and proximate result of Volvo's aforesaid Consumer Fraud violations, Plaintiffs and members of the Plaintiff Class have suffered ascertainable losses.

WHEREFORE, Plaintiffs and members of the Plaintiff Class demand judgment against the Defendants for:

(a) Compensatory damages;

(b) Treble damages;

(c) Attorneys' fees;

(d) Interest;

(e) Costs; and

(f) Such other relief as the Court deems equitable and just.

## SIXTH COUNT
### (Unjust Enrichment)

62. Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

63. As a direct and proximate result of Volvo's failure to disclose known defect(s) and material misrepresentations regarding known defect(s), required maintenance, and the scope of the CPO Warranty coverage in the Class Vehicles, Volvo has profited through the sale and lease of said vehicles.

64. Additionally, as a direct and proximate result of Volvo's failure to disclose known defect(s) and material misrepresentations regarding known defect(s) in the Class Vehicles, Plaintiffs and members of the Plaintiff Class have incurred substantial costs to repair the defect(s) and therefore have conferred an unjust substantial benefit upon Volvo.

65. Moreover, as a direct and proximate result of Volvo's failure to disclose known defect(s) and material misrepresentations regarding known defect(s) in the Class Vehicles, Volvo has profited to the extent that Plaintiffs and members of the Plaintiff Class purchased Defendants' vehicles, purchased a CPO Warranty from Defendants, and purchased certified Volvo parts to repair the defect(s).

66. Volvo has therefore been unjustly enriched due to the known defect(s) in the Class Vehicles through the use of funds that earned interest or otherwise added to Volvo's profits when said money should have remained with Plaintiffs and members of the Plaintiff Class.

67. As a result of the Volvo's unjust enrichment, Plaintiffs and members of the Plaintiff Class have suffered damages.

WHEREFORE, Plaintiffs and members of the Plaintiff Class demand judgment against the Defendants for:

(a) Compensatory damages;

(b) Interest;

(c) Costs of suit;

(d) Attorney's fees; and

(e) Such other relief as the Court deems equitable and just.

## SEVENTH COUNT
### (Injunctive Relief)

68. Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

69. Injunctive relief is appropriate and necessary to remedy Volvo's wrongful conduct and to prevent Volvo from continuing its wrongful conduct.

WHEREFORE, Plaintiffs and Plaintiff Class demand judgment against the Defendants for:

(a) Entry of a preliminary injunction and permanent injunction, requiring Defendants to immediately: (1) notify all members of the Plaintiff Class of the aforesaid defect(s), (2) institute a comprehensive service action of the Class Vehicles, (3) inspect all Class Vehicles currently owned or leased by members of the Plaintiff Class to determine the nature and extent of the defect(s) and necessary repairs for each vehicle inspected, (4) fully and properly repair all Class Vehicles, as required, at Defendants' sole expense, (5) take all necessary steps to modify the design, manufacture, and quality control for the Class Vehicles, to prevent the aforesaid defect(s) from arising in any of the Class Vehicle models in the future;

(b) Attorneys' fees;

(c) Costs of suit; and

  (d) Such other relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

    **MAZIE SLATER KATZ & FREEMAN, LLC**
    Attorneys for Plaintiffs


    BY: *s/ David Mazie*
      David Mazie
      Matthew Mendelsohn

Dated:  August 27, 2010