NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JOANNE NEALE, KERI HAY, KELLY MCGARY, SVEIN A. BERG, and GREGORY P. BURNS,, individually and on behalf of others similarly situated, | : : : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : | **OPINION** |
| | : | Civ. No. 10-cv-04407  (DMC) (JAD) |
| v. | : : | |
| VOLVO CARS OF NORTH AMERICA, LLC, and VOLVO CAR CORPORATION, | : : : : | |
| Defendants. | : : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Volvo Cars of North America, LLC ("Defendant") to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 12(f), and Fed. R. Civ. P. 23.[1] Plaintiffs Joanne Neale, Keri Hay, Kelly McGary, Svein A. Berg and Gregory P. Burns (collectively, "Plaintiffs") have asserted claims for violation of the NJCFA, (Count I), breach of express warranty (Count II), breach of the implied warranty of merchantability (Count

---

[1] Although Defendant's motion is styled as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the entirety of Defendant's argument concerns class certification pursuant to Fed. R. Civ. P. 23. The Court has therefore not considered arguments made in Defendant's original motion to dismiss filed on October 14, 2010, but has limited the inquiry to arguments raised subsequent to Plaintiffs' Amended Complaint. Thus, this Opinion addresses only the arguments contained in Defendant's motion filed on January 14, 2011 (Docket No. 20-1).

III), common law fraud (Count IV), breach of the duty of good faith and fair dealing (Count V),and for violations of the Massachusetts, Florida and Hawaii consumer protection statutes (Counts VI, VII and VIII). No oral argument was heard pursuant to Fed. R. Civ. P. 78. Upon consideration of the parties' submissions, and for the reasons stated below, Defendant's motion is **denied**.

I.      **BACKGROUND**

This case is a putative class action brought by five named Plaintiffs on behalf of themselves and a nationwide class of current and former Volvo vehicle owners and lessees with allegedly defective sunroof drainage systems in Volvo vehicles, model numbers S40, S60, S80, V50, V70 and XC90. Plaintiffs allege that Volvo had "longstanding knowledge of a material design defect."(Amended Complaint ¶ 2, ECF Doc. 10, page ID 242.) They base this on the assertion that Volvo "has issued Technical Service Bulletins in attempts to address this very problem in many of the Class Vehicles. (Amended Complaint ¶ 4, ECF Doc. 10, page ID 242.) Plaintiffs further allege that this "defect...typically manifests shortly after the limited warranty has expired." The alleged defect allows water to enter the passenger compartment, and Plaintiffs complain of "sloshing"(¶ 11) and floor mats that were "soaking wet." (¶ 19). One of the named Plaintiffs, Mr. Berg, allegedly had to "replace the yaw rate sensor," (¶ 35) a component that Plaintiffs allege could have created a safety risk.

Defendants aver that it will be impossible for Plaintiffs to meet the requirements necessary for class certification because they will need to prove that each and every class member both suffered water damage, and that the damage was directly caused by the known defect. Defendant maintains that "no amount of discovery on any topic"(Defendant's Memo in Support of Motion to Dismiss, ECF Doc. 20-1, Page ID # 505) would allow the Court to certify either a nationwide class or, in the

alternative, several state based classes.

## II.     LEGAL STANDARD

### A. Fed. R. Civ. P. 23(a)

Rule 23 of the Federal Rules of Civil Procedure governs class actions. The party seeking class certification bears the burden of demonstrating that all four requirements of Rule 23(a) are satisfied and that the putative class qualifies under one of the three sections of Rule 23(b). *Agostino v. Quest Diagnostics Inc.,* 256 F.R.D. 437, 449 (D.N.J.2009). The four requirements of Rule 23(a) are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. See also *Payne v. FujiFilm U.S.A., Inc.* 2010 WL 2342388, 1 (D.N.J.) (D.N.J.,2010)

### B. Rule 23(b)(3)

Certification under Rule 23(b)(3) is permissible when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b). The predominance requirement of Rule 23(b)(3) " 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.' " *Hydrogen Peroxide,* 552 F.3d at 311 (quoting *Amchem Prods. v. Windsor,* 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)). It " 'requir[es] more than a common claim,' " *id.* (quoting Newton, 259 F.3d at 187); rather, " '[i]ssues common to the class must predominate over individual issues," *id.* (quoting *Prudential Ins. Co. of Am. Sales Practices Litig.,* 148 F.3d 283, 313-14 (3d Cir.1998)). "Because the 'nature of the evidence that will suffice to

resolve the question determines whether the question is common or individual,' 'a district court must formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case." *Id.* (citations omitted). " 'If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable.' " *Id.* (quoting *Newton,* 259 F.3d at 172). See also *Payne v. FujiFilm U.S.A., Inc.* 2010 WL 2342388, 3 (D.N.J.) (D.N.J.,2010)**.**

### III.   DISCUSSION

Defendant asks the Court, at this early stage of the proceedings, before Plaintiffs have even moved for class certification, and before any factual record to support the necessary elements for class certification has been developed, to determine that a class could not be certified pursuant to Fed. R. Civ. P. 23(a) and (b)(3). Defendant directs the Court to *Green v. G.M.C.*, 2003 WL 21730592 (N.J. Super. Ct. App. Div. 20030, an inapposite case in which all of the class vehicles at issue "performed safely and reliably throughout the periods of plaintiffs' ownership." Such is not the case with the class or classes that Plaintiffs propose. Although it is possible that only a smaller class of those who have suffered actual injury due to defective sun-roofs might be certified, it is too early to predict that outcome. Moreover, the Court is not yet persuaded that Defendant's underlying contention, that all class members need to have suffered water damage based on the alleged defect in the sun-roof drainage systems in order to participate in either the nationwide class or state specific classes is true. While there may be deficiencies in Plaintiffs' pleadings with regard to their warranty and fraud claims that disfavor an eventual class certification, Defendant has not raised those issues in the instant motion. To the extent that the issues have been raised, the Court can not decide them without a factual record. Additionally, as

Plaintiff points out, since there has yet to be a motion requesting class certification that sets out how the prongs of Rule 23(a) and (b) can be met, to disallow certification before it has even been requested seems to the Court like putting the cart before the horse. The cases that Defendant cites for the proposition that certification ought be denied at this stage are cases in which a factual record had been developed. In fact, with respect to *Agostino v. Quest Diagnostics Inc.* 256 F.R.D. 437, 449 (D.N.J.,2009), a case on which Defendant heavily relies, the Court only entertained a motion for class certification in August, 2007, almost three years after the case was filed, and after months of discovery and rulings on various motions to dismiss. Judge Chesler's Opinion was not rendered until February, 2009.  Here, where the case is less than six months old and there has been no discovery, nor even a motion for class certification, the issue is simply not ripe for this Court to consider.

    Judge Chesler's  extensive analysis of the Court's role in Rule 23 motions is instructive. The Court wrote that "class certification is appropriate only 'if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 are met.' *In Re Hydrogen Peroxide,* 552 F.3d 305, 309 (3d Cir.2008) (quoting *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)) (quotations omitted). In deciding whether to certify a class, a Court must make a thorough examination of the *factual* and legal allegations involved in the complaint.(emphasis added). *Newton v. Merrill Lynch, Pierce, Fenner & Smith,* 259 F.3d 154, 166 (3d Cir.2001) (citing *Barnes v. Am. Tobacco Co.,* 161 F.3d 127, 140 (3d Cir.1998)). 'It may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.' *Newton,* 259 F.3d at 166 (quoting *Gen. Tel. Co. of Sw.,* 457 U.S. at 160, 102 S.Ct. 2364). 'The decision to certify a class calls for findings by the court, not merely a threshold

showing by a party, that each requirement of Rule 23 is met.' *Hydrogen Peroxide,* 552 F.3d at 306." There is no question but that the Court will need to conduct a rigorous analysis as previously described at the appropriate time, but to do so now would be premature.

### IV.     **CONCLUSION**

For the reasons stated herein, Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Fed. R. Civ P. 12(b)(6) and (f)  is **denied.** An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh  
DENNIS M. CAVANAUGH, U.S.D.J.

Date:   April   11  , 2011  
cc:     Counsel of Record  
        Hon. Joseph A. Dickson, U.S.M.J.