Mark S. Kundla
Paul Daly
**HARDIN, KUNDLA, MCKEON &
POLETTO, P.C.**
673 Morris Avenue
Springfield, NJ 07081
Phone: (973) 912-5222
Fax: (973) 912-9212
Mkundla@HKMPP.com
pdaly@HKMPP.com

Peter W. Herzog III (pro hac vice)
**BRYAN CAVE LLP**
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Phone: (314) 259-2000
Fax: (314) 259-2020
pwherzog@bryancave.com

John M. Thomas (pro hac vice)
**DYKEMA GOSSETT**
2723 South State Street, Suite 400
Ann Arbor, MI  48104
Phone:  (734) 214-7613
jthomas@dykema.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### NEWARK DIVISION

| | |
|---|---|
| JOANNE NEALE, ET AL., <br><br>        Plaintiffs, <br><br>     v. <br><br> VOLVO CARS OF NORTH AMERICA, LLC, ET AL., <br><br>        Defendants. | Civil Action No.  2:10-CV-04407-DMC-MF <br><br> **DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE WALTER BRATIC** <br><br> **ORAL ARGUMENT REQUESTED** |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................... ii

INTRODUCTION ..................................................................................1

BACKGROUND ....................................................................................1

STANDARD OF REVIEW .......................................................................3

ARGUMENT ........................................................................................5

I.    MR. BRATIC'S OPINION ON THE "COST TO MITIGATE" THE
      ALLEGED DEFECT SHOULD BE EXCLUDED.........................................5

      A.    Mr. Bratic *Assumes* Fact of Loss or Injury. ..........................................5

      B.    Mr. Bratic Does Not Offer an Opinion on Classwide Damages...........6

      C.    The Alleged Loss Calculated by an Assumed "Cost of Repair"
            Is Contrary to New Jersey Law. ..........................................................9

      D.    Mr. Bratic Has Not Attempted to Quantify the Damages
            Caused by Volvo's Alleged Concealment of the Sunroof
            Drainage Defect..................................................................................11

      E.    Mr. Bratic's Aggregate Damage Calculation Is Inappropriate. ..........13

II.   MR. BRATIC'S OPINION THAT CERTAIN PROPOSED CLASS
      MEMBERS HAVE INCURRED OUT OF POCKET COSTS
      SHOULD BE EXCLUDED. ........................................................................15

CONCLUSION ....................................................................................17

# TABLE OF AUTHORITIES

## Cases

**Page**

*Allapattah Services, Inc. v. Exxon Corp.*,
    333 F.3d 1248 (11th Cir. 2003) ......................................................................14

*Am. Honda Motor Co., Inc. v. Allen*,
    600 F.3d 813 (7th Cir. 2010) ...........................................................................4

*Am. Seed Co., Inc. v. Monsanto Co.*,
    271 F. App'x 138 (3d Cir. 2008) ......................................................5, 6, 9, 16

*Automated Salvage Transport, Inc. v. NV Koninklijke KNP BT*,
    2000 WL 35925411 (D.N.J. January 25, 2000)...............................................17

*Avery v. State Farm Mut. Auto. Ins. Co.*,
    835 N.E.2d 801 (Ill. 2005)..............................................................................14

*Avritt v. Reliastar Life Ins. Co.*,
    615 F.3d 1023 (8th Cir. 2010) ..........................................................................8

*Bailey v. Allgas, Inc.*,
    148 F. Supp. 2d 1222 (N.D. Ala. 2000)...........................................................11

*Bell v. Farmers Insurance*,
    115 Cal. App. 4th 715 (Cal. Ct. App. 2004)....................................................14

*Bell v. Fore Systems*,
    2002 WL 32097540 (W.D. Pa. Aug. 2, 2002)..................................................15

*Calhoun v. Yamaha Motor Corp.*,
    350 F.3d 316 (3rd Cir. 2003) ............................................................................4

*Clark v. Takata Corp.*,
    192 F.3d 750 (7th Cir. 1999) .......................................................................6, 16

*Comcast Corp. v. Behrend*,
    --- S. Ct. ---, 2012 WL 113090 (June 25, 2012)...............................................4

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993)...................................................................................3

*Dumas v. Albers Medical, Inc.*,
2005 WL 2172030 (W.D. Mo. Sept. 7, 2005)...................................................14

*Faulkner v. Nat'l Geographic Soc'y*,
576 F. Supp. 2d 609 (S.D.N.Y. 2008)...........................................................6, 16

*Frey v. Mykulak*,
2008 WL 4447118 (D.N.J. Sept. 26, 2008)......................................................16

*General Elec. Co. v. Joiner*,
522 U.S. 136 (1997) .................................................................................3

*Green v. Gen. Motors Corp.*,
2003 WL 21730592 (N.J. Super. A.D. 2003) ..................................................10

*In re Ford Motor Co. E-350 Van Products Liab. Litig. (No. II)*,
2010 WL 2813788 (D.N.J. July 9, 2010) .........................................................9

*In re Hydrogen Peroxide Antitrust Litig.*,
552 F.3d 305 (3rd Cir. 2008) ...............................................................3, 6, 9

*In re McDonald's French Fries Litig.*,
257 F.R.D. 669 (N.D. Ill. 2009) ...............................................................7, 8

*In re Merrill Lynch*,
191 F.R.D. 391 (D.N.J. 1999)................................................................14, 15

*In re TMI Litig*,
193 F.3d 613 (3rd Cir. 1999) ...............................................................12, 16

*In re Unisys Savings Plan Litig.*,
173 F.3d 145 (3rd Cir. 1999) ...............................................................13, 16

*Kaufman v. Motorola, Inc.*,
2000 WL 1506892 (N.D. Ill. Sept. 21, 2000)..................................................15

iii

*L&M Beverage Co., Inc. v. Guinness Import Co.,*
  1996 WL 368327 (E.D. Pa. June 24, 1996)......................................................15

*Lasorsa v. Showboat: The Mardi Gras Casino,*
  2009 WL 2929234 (D.N.J. Sept. 9, 2009).......................................................17

*Loeffel Steel Prods., Inc. v. Delta Brands, Inc.,*
  387 F. Supp. 2d 794 (N.D. Ill. 2005)...........................................................11

*Mann v. TD Bank, N.A.,*
  2010 WL 4226526 (D.N.J. Oct. 20, 2010).......................................................10

*Meadows v. Anchor Longwall & Rebuild, Inc.,*
  306 F. App'x 781 (3rd Cir. 2009)..............................................................13

*Muise v. GPU, Inc.,*
  851 A.2d 799 (N.J. Super. App. Div. 2004)................................................13, 14

*Oddi v. Ford Motor Co.,*
  234 F.3d 136 (3rd Cir. 2000)...................................................................4, 5

*Oshana v. Coca-Cola Co.,*
  472 F.3d 506 (7th Cir. 2006)...................................................................7, 8

*Osuna v. Wal-Mart Stores, Inc.,*
  2004 WL 3255430 (Ariz. Super. Dec. 23, 2004)..................................................14

*Owens v. Ford Motor Co.,*
  297 F. Supp. 2d 1099 (S.D. Ind. 2003).......................................................6, 16

*Package Shop, Inc. v. Anheuser-Busch, Inc.,*
  1984 WL 6618 (D.N.J. 1984)..................................................................7, 8, 9

*Parker v. Howmedica Osteonics Corp.,*
  2008 WL 141628 (D.N.J. Jan 14, 2008)............................................................9

*Rollins, Inc. v. Butland,*
  951 So. 2d 860 (Fla. Ct. App. 2006)............................................................14

iv

3944098

*Schneider ex rel. Estate of Schneider v. Fried,*
   320 F.3d 396 (3d Cir. 2003) ...........................................................................3, 4

*Thiedemann v. Mercedes-Benz USA, LLC,*
   872 A.2d 783 (N.J. 2005) ...........................................................................9, 10

*Wal-Mart Stores, Inc. v. Dukes,*
   131 S. Ct. 2541 (2011) ....................................................................................3

v

3944098

## INTRODUCTION

In support of their motion for class certification, Plaintiffs have submitted the report of Walter Bratic.  Mr. Bratic purports to offer an opinion on classwide damages.  For the reasons explained below, Mr. Bratic's opinions should be excluded.

## BACKGROUND

Mr. Bratic is an accountant employed at Overmont Consulting, a financial, accounting, statistical, and economic consultant firm.  (*See* Ex. A, Deposition of Walter Bratic, dated September 5, 2012 ("Bratic"), at 4:9-14 & 10:8-10, attached to the Declaration of Stefan A. Mallen in Support of Defendants' Motion to Exclude Walter Bratic.)  Mr. Bratic's primary area of litigation expertise is in intellectual property.  (Bratic at 51:22-25.)  Mr. Bratic is not an engineer or an expert in engineering.  (*Id.* at 94:20-22)  He does not have any training, education, or experience in automotive design or manufacture, including in the design of a sunroof drainage system.  (*Id.* at 92:17-20, 108:6-12.)  He has not conducted any liability analysis in this case, but assumes, based on the report of Plaintiffs' proffered engineering expert, Dr. Charles Benedict, that there is a sunroof drainage system defect.  (*Id.* at 108:20-109:12.)  Mr. Bratic thus purports to offer opinions on ***only*** two categories or types of loss or damages allegedly suffered by the proposed class:

3944098

(1) that all class members have sustained a loss at least equal to the cost of mitigating or eliminating the alleged sunroof drainage defect in their vehicles; and

(2) that class members who have paid to repair damage resulting from a clogged sunroof drain have suffered damages equal to the out of pocket costs incurred.  (ECF 87-3, Report of Walter Bratic, dated August 7, 2012 ("Bratic E.R."), ¶ 14; *see also* Bratic at 137:14-138:4.)

At his deposition in this case, Mr. Bratic made the following concessions that demonstrate his inability to offer an opinion on classwide damages or injury:

- He is not offering an opinion on the "fact" of injury, but is simply assuming it (Bratic at 174:9-11);

- He is not offering an opinion that any class member's vehicle suffered a diminished value (*Id.* at 156:6-9; Bratic E.R. ¶¶ 14-31);

- Class vehicles without a sunroof, and class vehicles that are no longer in service, should be excluded from the damages calculation (Bratic at 125:23-126:4; Bratic E.R. ¶¶ 18-20); and

- His opinion with respect to the cost of repair is per vehicle, *not* per class member (Bratic at 132:13:133:5; 130:16-131:16.)

For the reasons discussed below, Mr. Bratic's opinions do not constitute common proof or classwide evidence of loss or damages, and his testimony should therefore be excluded.

3944098

## STANDARD OF REVIEW

"Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003).  The seminal case for the admissibility of expert testimony is *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), which requires that the trial judge "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589.  Under *Daubert*, "[t]his entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93.  A district court should not "admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

While the law does not currently require that the Court conduct a full *Daubert* inquiry at the class certification stage, in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2553-54 (2011) the Supreme Court expressed its "doubt" that "*Daubert* did not apply to expert testimony at the certification stage of class-action proceedings." *See also In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 323 (3rd Cir. 2009) (stating that "opinion testimony should not be uncritically accepted as establishing a Rule 23 requirement merely because the court holds the

3

testimony should not be excluded, under *Daubert* or for any other reason"); *Am. Honda Motor Co., Inc. v. Allen*, 600 F.3d 813, 815-16 (7th Cir. 2010) ("when an expert's report or testimony is critical to class certification, as it is here ... a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on a class certification motion") (citation omitted).  On June 25, 2012, the Supreme Court granted certiorari in *Comcast Corp. v. Behrend*, --- S. Ct. ---, 2012 WL 113090, at *1 (June 25, 2012) to consider "[w]hether a district court may certify a class action without resolving whether the plaintiff class has introduced admissible evidence, including expert testimony, to show that the case is susceptible to awarding damages on a class-wide basis."

Whether or not a plenary *Daubert* inquiry applies at the class certification stage, Rule 702 requires that "the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact."  *Schneider*, 320 F.3d at 404.  The Court must also determine that the expert's opinions are "based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation' and that the expert has 'good grounds' for his or her belief."  *Id.*; *see also Calhoun v. Yamaha Motor Corp.*, 350 F.3d 316, 321 (3rd Cir. 2003)(same).  "A court 'must examine the expert's conclusions in order to determine whether they could reliably flow from the facts known to the expert and the methodology used.'"  *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3rd. Cir.

4

2000) (citations omitted).  Where there is "simply too great a gap between the data and the opinion proffered," the expert testimony should be excluded.  *Id.*

## **ARGUMENT**

### I.   **MR. BRATIC'S OPINION ON THE "COST TO MITIGATE" THE ALLEGED DEFECT SHOULD BE EXCLUDED.**

Mr. Bratic's first opinion on damages is that the proposed class has "sustained a loss at equal to the cost of mitigating" the alleged sunroof drainage defect.  (Bratic E.R. ¶ 14.)  The numerous problems that render this proffered opinion inadmissible are discussed in turn.

#### A.   **Mr. Bratic *Assumes* Fact of Loss or Injury.**

Mr. Bratic admits that he is not offering an opinion on the "fact" of injury; rather, he simply assumes it.

> Q:   Are you offering the opinion that all members of the proposed class have suffered the fact of loss?
>
> A:   I have been asked to assume that.

(Bratic at 174:9-12.)

This assumption is fatal to the proffered testimony because an expert may not simply assume the fact of injury.  *See Am. Seed Co., v. Monsanto Co.*, 271 F. App'x 138, 141 (3rd Cir. 2008) (holding that the district court did not abuse its discretion in concluding that common questions concerning injury did not predominate where the expert "conceded multiple times in his deposition that his

5

[damages] theory was based solely on his assumption that all of the allegations in the complaint were true"). Rather, the expert must offer *proof* that all class members have suffered the "fact of damage" as a result of the defendant's conduct. *Id.* at 140. Because Mr. Bratic assumes the very question he was asked to prove, his testimony should be excluded. *See e.g., Clark v. Takata Corp.*, 192 F.3d 750, 757 (7th Cir. 1999) ("[s]imply put, an expert does not assist the trier of fact in determining whether a product failed if he starts his analysis based upon the assumption that the product failed (the very question that he was called upon to resolve")); *Faulkner v. Nat'l Geographic Soc'y*, 576 F. Supp. 2d 609, 619 (S.D.N.Y. 2008) (excluding aspect of expert's opinion that "is grounded only in assumptions, not in facts. The methodology is anything but reliable. It is not admissible"); *Owens v. Ford Motor Co.*, 297 F. Supp. 2d 1099, 1107 (S.D. Ind. 2003) ("[t]he fact that Dr. Pribush assumed the very thing he was to prove renders his opinion conditional at best and tautological at worst").

## B. Mr. Bratic Does Not Offer an Opinion on Classwide Damages.

To offer an opinion on classwide damages, an expert must at least be able to opine that all class members suffered the fact of injury. *Am. Seed*, 271 F. App'x at 140 (proof of impact may be made on a common basis "so long as the common proof adequately demonstrates some damage to each individual"); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d at 311-12 ("... the task for plaintiffs at class

certification is to demonstrate that the element of antitrust impact is capable of proof at trial through evidence that is common to the class rather than individual to its members"); *Package Shop, Inc. v. Anheuser-Busch, Inc.*, 1984 WL 6618, at *32 (D.N.J. September 25, 1984) ("In order to establish fact of damage, plaintiffs must show that the anticompetitive effects outweighed the procompetitive effects of the restraint as to each member of the proposed class, since at least some damage to each individual plaintiff must be shown"); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) (proposed class was not ascertainable because it could include millions of customers, "some (if not many) of whom may not have been deceived by Coke's marketing because at least some of Coke's ads contained a disclaimer"); *In re McDonald's French Fries Litig.*, 257 F.R.D. 669, 671-72 (N.D. Ill. 2009) (plaintiff's class definition was overinclusive and indefinite because there were proposed class members who "have suffered no injury").

Mr. Bratic concedes that thousands of proposed class members have not suffered any damages, and the rationale underlying that concession applies equally to other segments of the proposed class. Mr. Bratic's report excludes from his calculations of purported classwide damages those class members whose vehicles have been scrapped. (Bratic E.R. ¶¶ 18-19.) According to his deposition testimony, he excluded such former owners because they no longer have any risk of water damage caused by a clogged sunroof drain. (Bratic at 127:7-16.)

7

Excluding as uninjured those former owners whose ownership experience did not include a water leak caused by a clogged sunroof drain makes perfect sense and is in accord with the law.  *See e.g., Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010) ("A class 'must therefore be defined in such a way that anyone within it would have standing.' Or, to put it another way, a named plaintiff cannot represent a class of persons who lack the ability to bring a suit themselves") (citation omitted); *Oshana*, 472 F.3d at 510, 514-15 (7th Cir. 2006); *In re McDonald's French Fries Litig.*, 257 F.R.D. at 671-72; *Package Shop, Inc.* 1984 WL 6618, at *32.

       But the rationale extends to more than just those former owners whose vehicles have been scrapped.  Just as there are former owners whose vehicles were scrapped before they experienced a water leak from a clogged sunroof drain, there are current owners of class vehicles that will be scrapped without experiencing such an incident.  Such owners are indistinguishable from Mr. Bratic's uninjured. The logic further extends to any former owner whose ownership experience did not include a water leak caused by a clogged sunroof drain.  Because Mr. Bratic acknowledges that about 29,000 members of the proposed class suffered no injury (Bratic E.R. ¶¶ 18-20), and because that concession logically extends to other significant segments of the proposed class, Mr. Bratic does not offer any opinion on classwide damages.  As such, his opinion does not constitute evidence of

8

classwide injury and should be excluded.  *Am. Seed Co., v. Monsanto Co.*, 271 F.

App'x at 141; *In re Hydrogen Peroxide*, 552 F.3d at 311-12; *Package Shop, Inc.*,

1984 WL 6618, at *32.

### C.  The Alleged Loss Calculated by an Assumed "Cost of Repair" Is Contrary to New Jersey Law.

Mr. Bratic testified that the "loss" to the proposed nationwide class is the

cost of repairing the alleged sunroof drainage defect.  (Bratic at 134:3-9.)

Mr. Bratic is not purporting to offer an opinion that the class vehicles suffered

diminished value because of the alleged defect, nor has he done any analysis to

determine what the diminished value, if any, would be.  (Bratic at 156:6-9; *see also*

Bratic E.R. ¶¶ 14-31.)

Mr. Bratic's opinion is thus properly characterized as an alleged benefit-of-

the-bargain loss based on the existence of a defect in the proposed class vehicles.

The concept that a defect alone can constitute the fact of loss not only lacks legal

support, but it is *directly contrary* to New Jersey law holding that "even though a

product may be defective, a subjective assertion of a diminution in value or loss of

a benefit-of-the-bargain will be insufficient to support a quantifiable loss; rather,

the plaintiff must produce specific proofs."  *In re Ford Motor Co. E-350 Van*

*Prods. Liab. Litig. (No. II)*, 2010 WL 2813788, at *28 (D.N.J. July 9, 2010) (citing

*Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 794 (N.J. 2005) &

*Parker v. Howmedica Osteonics Corp.*, 2008 WL 141628, at *4 (D.N.J. Jan. 14,

3944098

2008); *see also Mann v. TD Bank, N.A.*, 2010 WL 4226526, at *6 (D.N.J. Oct. 20, 2010).

The *Thiedemann* plaintiffs offered a nearly identical argument of a subjective loss of the benefit of their bargain:

> Plaintiffs further assert an inchoate and unsubstantiated loss of the benefit of the bargain.  Plaintiffs insist that they did not get what they bargained for and instead received an unsafe motor vehicle with a known fuel-reporting defect.

*Thiedemann*, 872 A.2d at 789 (quoting trial court opinion).  In other words, they claimed, as Plaintiffs do here, that their ascertainable loss consisted of the cost of repairing the alleged defect.  But the *Thiedemann* Court disagreed.  It held that "the cost of designing and installing into each class member's vehicle a fuel sending unit free of defects" was not an ascertainable loss, and the existence of a defect in a vehicle alone does not establish an ascertainable loss.  *Id.* at 793; s*ee also Green v. Gen. Motors Corp.*, 2003 WL 21730592, at *3, *8 (N.J.Super. A.D. July 10, 2003) (tort "claims based solely on economic loss arising out of the purchase of a defective product are excepted from the purview of tort law" and consumer fraud claims where "plaintiffs here have shown no adverse consequence from the alleged defect" are not cognizable either).  Mr. Bratic's testimony that an owner who was fully informed of the alleged defect was nevertheless "damaged" in economic terms because that individual received a vehicle with a defect brings his testimony

squarely within the prohibition of *Thiedemann*.  (Bratic at 170-71.)  Mr. Bratic's

theory of a classwide ascertainable loss based on the assumed cost of repair is

contrary to New Jersey law and should be excluded.  *See*, *e.g.*, *Loeffel Steel Prods.,*

*Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 806 (N.D. Ill. 2005) ("expert

opinions that are contrary to law are inadmissible"); *Bailey v. Allgas, Inc.*, 148 F.

Supp. 2d 1222, 1246 (N.D. Ala. 2000) (excluding expert whose "market power

analysis is contrary to the law").

### D. Mr. Bratic Has Not Attempted to Quantify the Damages Caused by Volvo's Alleged Concealment of the Sunroof Drainage Defect.

Mr. Bratic's opinions also should be excluded because he has not measured

the harm allegedly caused by the purportedly wrongful conduct.  Mr. Bratic

acknowledged that this action arises from Volvo's purported failure to disclose that

the class vehicles are allegedly predisposed to a sunroof drainage system defect.

(Bratic at 64:16-21.)  Thus, to properly assess loss or damages for such claims, an

expert must quantify the damages caused by Volvo's alleged concealment.

But Mr. Bratic did not analyze and has ***no*** opinion with respect to the

damages or injury caused by Volvo's alleged concealment.  He is not offering any

testimony with respect to how class members would have reacted had the allegedly

concealed information been disclosed, nor is he offering testimony that class

members would have made different purchase or lease decisions if the allegedly

concealed information had been disclosed.

11

> Q: Mr. Bratic, going back to our discussion earlier about a world in which disclosure of the alleged sunroof drainage defect had been made, you're not prepared to offer an opinion, are you, sir, as to how class members would have reacted had they known the allegedly concealed information?
>
> A: I have not been asked to perform an analysis of that.
>
> Q: So, you don't know and you're not prepared to offer an opinion today, are you, sir, that class members would have made a different purchase or lease decision if the information [about the alleged sunroof drainage defect] had been disclosed?
>
> A: No, I'm not prepared to offer any opinion on that subject matter today.

(Bratic at 154:8-21.)

Mr. Bratic also does not opine that class members paid more for their vehicles than they would have if the alleged defect regarding the sunroof drainage system had been disclosed.  Simply put, Mr. Bratic does not attempt to measure the difference between a world without disclosure and a world with disclosure—he measures the difference between a world without the alleged injury and a world with it.  That does not measure injury, however, it *assumes* it by ignoring the crucial issue of causation.  Because Mr. Bratic admits that he did not connect the alleged wrongdoing to the claimed injury, his opinion does not fit the facts of the case and should be excluded.  *See e.g., In re TMI Litig.*, 193 F.3d 613, 670 (3rd Cir. 1999) ("The expert's testimony must 'fit,' and admissibility depends, in part,

12

on a connection between the expert opinion offered and the particular disputed factual issues in the case"); *In re Unisys Savings Plan Litig.*, 173 F.3d 145, 156-57 (3rd Cir. 1999) (district court did not err in excluding expert whose testimony "did not fit with or meet the need of the District Court for expert testimony in life insurance investing"); *Meadows v. Anchor Longwall & Rebuild, Inc.*, 306 F. App'x. 781, 790 (3rd Cir. 2009) (district court properly excluded expert whose testimony did not fit between his testing of the product and the facts of the case).

### E.   Mr. Bratic's Aggregate Damage Calculation Is Inappropriate.

Mr. Bratic's opinion regarding the cost to eliminate the alleged defect should also be excluded because his calculations are expressed in terms of aggregate damages.

> Q:   And is it fair to say that the calculation that you're using regarding the loss allegedly sustained by nationwide class members is expressed in terms of aggregate damages?
>
> A:   It is.

(Bratic at 153:16-20.)

"[I]ndividualized proof of damages is the norm for class actions.  In some circumstances, an econometric model may be used to establish injury on a class-wide basis *once the proofs have established that all class members have suffered actual* damage."  *Muise v. GPU, Inc.*, 851 A.2d 799, 824 (N.J. Super. App. Div. 2004) (citation omitted, emphasis added) (decertifying class and excluding experts'

damages reports); *accord In re Merrill Lynch*, 191 F.R.D. 391, 397 (D.N.J. 1999) (denying class certification and rejecting aggregate damages as "not acceptable as a means to arrive at some figure which can then be allocated among the proposed class members, regardless of whether each member suffered actual loss").

In *Muise*, the New Jersey appellate court rejected the plaintiffs' contention that aggregate damages could be proper even absent a showing that all class members suffered harm and affirmed the exclusion of plaintiffs' experts' aggregate damages reports because they did not reliably demonstrate that all class members suffered injury. *Muise*, 851 A.2d at 820-21, 827. Thus, under New Jersey law, aggregate damages are acceptable only where the expert proffers a "reliable mathematical formula"; and all class members have suffered damages. *Id.* at 822. The laws of many other states, including some implicated here, likewise find aggregate damages improper absent a demonstration of classwide injury.[1]

---

[1] *See, e.g.*, *Rollins, Inc. v. Butland*, 951 So. 2d 860, 873-74 (Fla. Ct. App. 2006) (reversing certification because failure to prove classwide impact rendered proposed classwide damages calculation inapplicable and remarking, "if the Appellees are permitted to establish the putative class members' claims by proof of common schemes or patterns of behavior, the Appellants will be unable to defend against individual claims where there may be no liability"); *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1256-57 (11th Cir. 2003) (aggregate damages that include those who did not suffer actual damage are impermissible); *Bell v. Farmers Ins.*, 115 Cal. App. 4th 715 (Cal. Ct. App. 2004) (permitting aggregate damages only following finding that such calculation would not increase defendant's overall liability); *Osuna v. Wal-Mart Stores, Inc.*, 2004 WL 3255430, at *8 (Ariz. Super. December 23, 2004) (aggregate damages are improper where plaintiffs have not provided proof of classwide impact); *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 833-35 (Ill. 2005) (requiring evidence of a connection between classwide impact and damages to a "reasonable certainty" and rejecting damage calculation where expert admitted that aggregate figures included individuals who had not been harmed); *Dumas v. Albers Medical, Inc.*, 2005 WL 2172030, at *7 (W.D. Mo. Sept. 7, 2005)

As demonstrated above, Mr. Bratic does not offer the opinion that *all* proposed class members suffered damages.  Indeed, he excludes about 29,000 class members from his calculations because they are uninjured.  As such, his calculation of purported "aggregate damages" is inadmissible.  *See*, *e.g.*, *In re Merrill Lynch*, 191 F.R.D. at 397 (expert testimony impermissibly "arrive[s] at some figure which can then be allocated among the proposed class members, regardless of whether each member suffered actual loss"); *L&M Beverage Co., Inc. v. Guinness Imp. Co.*, 1996 WL 368327, at *3-4 (E.D. Pa., June 24, 1996) (excluding under *Daubert* expert opinion relating to wrong measure of damages); *Kaufman v. Motorola, Inc.*, 2000 WL 1506892, at *2 (N.D. Ill. Sept. 21, 2000) (excluding expert opinion concerning aggregate damages where PSLRA statute required "actual damages"); *accord Bell v. Fore Sys. Inc.*, 2002 WL 32097540, at *3 (W.D. Pa. Aug. 2, 2002) (excluding expert opinion on aggregate damages).

## II.   MR. BRATIC'S OPINION THAT CERTAIN PROPOSED CLASS MEMBERS HAVE INCURRED OUT OF POCKET COSTS SHOULD BE EXCLUDED.

Mr. Bratic offers the further opinion that members of the proposed nationwide class who have paid to repair water damage caused by a clogged

---

("[*Cy pres*] is not appropriate when it is used to assess the damages of the class without proof of damages suffered by individual class members").

3944098

sunroof have been damaged in the amount of their out of pocket costs.  (Bratic

E.R. ¶ 14.)  The opinion should be excluded for at least three reasons.

First, it assumes that Volvo is obligated to repair any damage caused by a

clogged sunroof drain.  As such, Mr. Bratic assumes the very thing he was asked to

prove.  This renders the opinion inadmissible.  *Am. Seed Co.,* 271 F. App'x at 141;

*Clark*, 192 F.3d at 757; *Faulkner*, 576 F. Supp. 2d at 619; *Owens*, 297 F. Supp. 2d

at 1107.

Second, by its terms, the opinion is limited to those class members "who

have experienced sunroof drainage failure."  (Bratic E.R. ¶ 14.)  It thus cannot

constitute common proof or evidence of classwide injury and should be excluded

as irrelevant to Plaintiffs' certification motion.  *In re TMI Litig.*, 193 F.3d at 670;

*In re Unisys Savings Plan Litig.*, 173 F.3d at 156-157; *Frey v. Mykulak*, 2008 WL

4447118, at *4 (D.N.J. Sept. 26, 2008) (excluding evidence that is "not fit for the

purpose it is being offered and would not assist the jury in its deliberations").

Third, expert testimony is not needed to add up the amounts that each named

Plaintiff claims to have spent repairing water damage to his/her vehicle.  In

"calculating" these amounts, Mr. Bratic did nothing more than taken the verbatim

numbers previously provided by the named Plaintiffs in discovery and put them in

a chart that includes the average of these out of pocket costs.  (Bratic E.R. ¶ 5.)

Even the average cost—which is irrelevant to *actual* cost—is nothing more than an

16

arithmetic calculation that the Court and the jury can perform without assistance. Because the subject of the proffered testimony is within the ken of the average juror, expert testimony is not needed. *Lasorsa v. Showboat: The Mardi Gras Casino*, 2009 WL 2929234, at *5 (D.N.J. Sept. 9, 2009) (excluding expert testimony that "will not assist the jury in this matter" because the "proposed testimony addresses matters that jurors are well-equipped to handle on their own, without expert assistance"); *Automated Salvage Transport, Inc. v. NV Koninklijke KNP BT*, 2000 WL 35925411, at *5 (D.N.J. January 25, 2000) (excluding expert testimony that "will not assist the jury" because the "jury will employ its 'common sense' in determining whether KNP breached a contract and whether KNP owes plaintiffs a 'debt'").

In sum, Mr. Bratic's opinion that members of the proposed class incurred out of pocket costs to repair damage caused by a clogged sunroof drain is not relevant or helpful. Nor is it a proper subject of expert testimony.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court exclude the expert opinions and testimony offered by Mr. Walter Bratic in this case.

17

3944098

September 25, 2012                    Respectfully submitted,

                                     **HARDIN, KUNDLA, MCKEON &**
                                     **POLETTO, P.C.**

                                     By: */s/ Paul Daly*
                                     Mark S. Kundla
                                     Paul Daly
                                     673 Morris Avenue
                                     Springfield, NJ 07081
                                     Phone: (973) 912-5222
                                     Fax: (973) 912-9212
                                     Mkundla@HKMPP.com

                                     **BRYAN CAVE LLP**

                                     Peter W. Herzog III (pro hac vice)
                                     Stefan A. Mallen (pro hac vice)
                                     211 N. Broadway, Suite 3600
                                     St. Louis, MO 63102
                                     Phone: (314) 259-2000
                                     Fax: (314) 259-2020
                                     pwherzog@bryancave.com
                                     samallen@bryancave.com

                                     **DYKEMA GOSSETT**

                                     John M. Thomas  (pro hac vice)
                                     2723 South State Street, Suite 400
                                     Ann Arbor, MI  48104
                                     Phone:  (734) 214-7613
                                     Fax:  (734) 214-7696
                                     jthomas@dykema.com

                                     Attorneys for Defendants Volvo Cars of
                                     North America, LLC, and Volvo Car
                                     Corporation

18

## <u>CERTIFICATE OF SERVICE</u>

I, Paul Daly, certify that the foregoing was electronically filed on September 25, 2012 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.

By: *<u>/s/ Paul Daly</u>*

19