NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NEALE, et al., | : | |
| Plaintiffs, | : | **Hon. Dennis M. Cavanaugh** |
| v. | : | **OPINION** |
| VOLVO CARS OF NORTH AMERICA, LLC, et al. | : | Civil Action No. 2:10-cv-4407(DMC)(MF) |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court upon Motion of Plaintiffs to Preclude the Testimony and Expert Report of Christine T. Wood, submitted by Defendants Volvo Cars of North America, LLC and Volvo Car Corporation (collectively "Defendants"). (ECF No. 245). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based on the following, it is the finding of this Court that Plaintiffs' Motion is **granted**.

I. BACKGROUND

This case is a potential putative class action brought by eight named Plaintiffs, Gregory Burns, Karen Collopy, David Taft, Svein Berg, Jeffrey Kruger, Joane Neale, Keri Hay and Kelly McGary (collectively "Plaintiffs"), on behalf of themselves and a nationwide class of current and former Volvo vehicle owners and lessees. Plaintiffs allege that a uniform design defect existed in the sunroof drainage

1

systems in the following six Volvo vehicles models: S40, S60, S80, V50, V70 (model years 20034 to present), XC90 (model years 2003 to present), and V50 (model years 2005 to present) (collectively "Class Vehicles"). Plaintiffs allege that the sunroof drainage systems in these vehicles harbored a defect which allows water to become entrapped within the passenger compartment floorpans, causing damage to the vehicles, including interior components, carpets, and safety-related electrical sensors and wiring. The alleged defect in the drainage system, according to Plaintiff's is the result of defectively designed "sound plugs," found at the bottom of the drainage tubes. Plaintiffs further allege that Volvo had longstanding knowledge of this material design defect, based on Plaintiffs assertion that numerous consumer complaints existed as well as internal Volvo communications and Technical Service Bulletins issued by Volvo in an unsuccessful attempt to address the problem.

Defendants proffered the Report of Christine T. Wood in support of their Opposition Brief to Plaintiffs Motion for Class Certification (ECF No. 213, Ex. 20 "Wood Report"). Plaintiffs filed this Motion to Preclude the Testimony and Expert Report of Christine T. Wood and an accompanying brief ("Pl. Wood Mov. Br.") on November 9, 2012. (ECF No. 245). Defendants filed an Opposition Brief on November 30, 2012. (ECF No. 263). Plaintiffs filed a Reply on December 21, 2012. (ECF No. 267). The matter is now before this Court.

**II.   STANDARD OF REVIEW**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. That rule provides that an expert qualified by "knowledge, skill, experience, training, or education" may testify if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence ro to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has applied

the principles and methods reliably to the facts of the case." FED. R. EVID. 702.

While the law does not currently require that the Court conduct a full <u>Daubert</u> inquiry as to an expert at the class certification stage, in <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541, 2553-54 (2011), the Supreme Court expressed its "doubt" that "Daubert did not apply to expert testimony at the certification stage of class-action proceedings." <u>See also,</u> <u>In re Hydrogen Peroxide Antitrust Litig.</u>, 552 F.3d 305, 323 (3d Cir. 2009) (stating that "opinion testimony should not be uncritically accepted as establishing a Rule 23 requirement merely because the court holds the testimony should not be excluded, under <u>Daubert</u> or for any other reason"); <u>Am. Honda Motor Co., Inc. v. Allen</u>, 600 F.3d 813, 815-16 (7th Cir. 2010) ("when an expert's report or testimony is critical to class certification, as it is here ... a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on a class certification motion") (citation omitted). On June 25, 2012, the Supreme Court granted certiorari in <u>Comcast Corp. v. Behrend</u>, --- S. Ct. ---, 2012 WL 113090, at *1 (June 2012), to consider "[w]hether a district court may certify a class action without resolving whether the plaintiff class has introduced admissible evidence, including expert testimony, to show that the case is susceptible to awarding damages on a class-wide basis." Regardless of whether a plenary <u>Daubert</u> inquiry applies at the class certification stage, Rule 702 requires that the expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID 702(a). Evidence may also be excluded, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

### III.   DISCUSSION

Plaintiffs argue that the opinions of Christine T. Wood do not meet the <u>Daubert</u> guidelines for

admitting scientific expert testimony. See, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); (ECF No. 245, at 4-23). The Daubert standard requires, and thus a party must show, that their scientific expert testimony is "grounded in methods and procedures of science, [and that it] provide[s] more than a subjective belief or unsupported speculation, and be not only relevant but reliable." Daubert at 589-90. Specifically, Plaintiffs contend that Woods's report regarding the allegations that Volvo concealed material facts about the Class Vehicles is speculative, unreliable, and irrelevant. This Court agrees.

The crux of Plaintiffs' argument is that Wood's standard 'expert' opinion is simply recycled from prior cases, and that Wood's opinions are not based on the facts of this case. (Pl. Wood Mov. Br., 4). Instead, Plaintiffs assert that Wood provides a blanket opinion that she used in prior cases without reviewing relevant facts and information in this matter. (Pl. Wood Mov. Br., 4). A comparison of the opinions given in Wood's report and her deposition testimony reveals that Wood's opinions are not based on a review of facts specific to this case.

In her report, Woods concludes that because owner's manuals are "hundreds of pages," purchasers "will not elect to read the information plaintiffs demand should have been provided by Volvo." (Wood Report, 7). Wood reached this conclusion despite the fact that Woods did not review the owner's manuals for the class vehicles, nor did she know how long they are. (See, Wood Dep. 107:17-19; 107:20-22). Woods further conceded that she has no idea how long the owner's manuals are or what kind of safety information warning they already contain, despite admitting that such information could affect how the information is processed due to the amount of "information to filter through." (Wood Dep. 174:5-175:20).

As to Wood's opinion on the effectiveness of a recall notice, she cites to a study on recall notices

4

demonstrating that on average 70% of vehicle owners responded to recall notices, with response rates as low at 23% and as high as 96%. (Wood Report, 10). However, Wood never figured out where Volvo owners fall within that range. (Wood Dep., 120:1-25). Thus, Woods cannot provide an opinion about the effectiveness of a recall notice. If owners of Class Vehicles have an average response rate on the higher end of that range, Wood could not argue that a reasonable person would not respond to a recall notice about the alleged defect.

Accordingly, the Court finds Wood's proffered opinion to be speculative and without foundation.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **granted**. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:      February 28, 2013
cc:        All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File