NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOANNE NEALE, et al., | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiffs, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 2:10-cv-4407 (DMC)(MF) |
| | : | |
| VOLVO CARS OF NORTH | : | |
| AMERICA, LLC, et al. | : | |
| | : | |
| Defendants. | : | |

**DENNIS M. CAVANAUGH, U.S.D.J.**

This matter comes before the Court upon Motions of Defendants Volvo Cars of North America**,** LLC, and Volvo Car Corporation (collectively "Defendants") to Preclude the Testimony and Expert Report of Allan Kam (Sept. 28, 2012, ECF Nos. 219, 221, 224, 226, 228, 230, 232, 234). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering the parties' submissions, and based on the following, it is the finding of this Court that Defendants' Motions are **denied**.

## I.    **BACKGROUND**[1]

This case is a potential putative class action brought by eight named Plaintiffs, Gregory Burns, Karen Collopy, David Taft, Svein Berg, Jeffrey Kruger, Joane Neale, Keri Hay and Kelly McGary (collectively "Plaintiffs"), on behalf of themselves and a nationwide class of current and former Volvo vehicle owners and lessees. Plaintiffs allege that a uniform design defect existed

---

[1]The facts in this Background section have been taken from the parties' submissions.

in the sunroof drainage systems in the following six Volvo vehicles models: S40, S60, S80, V50,

V70 (model years 20034 to present), XC90 (model years 2003 to present), and V50 (model years

2005 to present).  Plaintiffs allege that the sunroof drainage systems in these vehicles harbored a

defect which allows water to become entrapped within the passenger compartment floorpans,

causing damage to the vehicles, including interior components, carpets, and safety-related

electrical sensors and wiring. Plaintiffs further allege that  Volvo  had  longstanding knowledge

of  a  material  design defect, based on Plaintiffs assertion that numerous consumer complaints

existed as well as internal Volvo communications and Technical Service Bulletins issued by

Volvo in an unsuccessful attempt to address the problem.

On July 3, 2012, Defendants filed their pending Motions for Summary Judgement with

respect to each named Plaintiff. (ECF Nos. 72, 73, 74, 75, 76, 77, 78, 79).  In support of those

Motions, Defendants included several statements about the National Highway Transportation

Safety Administration ("NHTSA" or "Administration").  Subsequently, Plaintiffs retained Allan

Kam to rebut the Defendants characterizations of the NHTSA's investigative procedures and

findings.  Defendants filed the instant Motions to Preclude the Testimony and Expert Reports of

Allan Kam (collectively "Def. Kam Mov. Br.") on September 28, 2012. (ECF Nos. 219, 221,

224, 226, 228, 230, 232, 234). Plaintiffs filed their Opposition to Defendants' Motions on

October 26, 2012. (ECF No. 239).  Defendants filed a reply Brief on November 16, 2012 (ECF

No. 252-261).  The Motions to Preclude the Testimony and Expert Reports of Allan Kam are

now before this Court.

## II.    <u>STANDARD OF REVIEW</u>

The admissibility of expert testimony is governed by Federal Rule of Evidence 702.  That

rule provides that an expert qualified by "knowledge, skill, experience, training, or education" may testify if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702.

Expert testimony is admissible on the merits if it meets three requirements: qualification of the expert, reliability, and relevancy. Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003). The seminal case for the admissibility of expert testimony is Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), which requires that the trial judge "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Id. at 589. Under Daubert, "[t]his entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592-93.

Plaintiffs do not have to "prove their case twice–they do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are *correct*, they only have to demonstrate by a preponderance of the evidence that their opinions are reliable." In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 744 (3d Cir. 1994), abrogated on other grounds by General Electric Co. v. Joiner, 522 U.S. 136 (1997) (emphasis in original). As the Third Circuit has explained,

> The grounds for the expert's opinion merely have to be good, they do not have to be perfect. The judge might think that there are good grounds for an expert's conclusion even if the judge thinks that there are better grounds for some alternative conclusion, and

3

even if the judge thinks that a scientist's methodology has some flaws such that if they have been corrected, the scientist would have reached a different result. <u>Id</u>.

## III.   **<u>DISCUSSION</u>**

Plaintiffs offer Allan Kam's ("Kam") expert opinions to rebut alleged facts stated in Defendants' Motion for Summary Judgement. Defendants argue that Kam's opinions are not probative on any issue in the case (Def. Kam Mov. Br., 5). Further, Defendants contend that Kam's opinions regarding the NHTSA's investigative procedure and findings would not assist the trier of fact, and that Kam's opinions regarding recalls and investigations by NHTSA are a matter of public record, and thus, do not require expert testimony, are irrelevant, and would not assist the trier of fact. The Court disagrees.

Within their Motions for Summary Judgement, Defendants have presented several allegations of fact with regard to the NHTSA's investigative procedure and findings pertaining to the alleged defect in the Class Vehicles. (ECF Nos. 72, 73, 74, 75, 76, 77, 78, 79). For example, Defendants claim that, "[the] NHTSA routinely refuses to find a safety related defect to motor vehicle safety where drivers have an opportunity to correct the problem before it becomes a safety risk."(ECF No. 76-3, at 14-15) Defendants cite to four different NHTSA investigations to support this contention.

Moreover, Defendants, in their Motions for Summary Judgement offer that, "[t]he National Highway Traffic Safety Administration ("NHTSA") recently examined whether the risk of a water leak causing electrical systems to fail would create an unreasonable risk of an accident with respect to water leaks in 2004-2005 Volvo XC90 vehicles and found it did not." (ECF No. 76-3, at 13). "[The] NHTSA closed its investigation, finding that "[a] safety-related defect has not been identified at this time." <u>Id</u>. Plaintiffs object to the accuracy of the Defendants'

4

classifications of NHTSA procedure, and have retained Kam, an expert in the regulatory process of automotive safety, to rebut the Defendants statements.

When the Defendants chose to include NHTSA procedure in their Motion for Summary Judgement, Defendants made the Administration relevant as to this matter. Kam has been retained by Plaintiffs to specifically address the statements made by the Defendants about the conclusiveness the NHTSA closing an investigation. (Kam Dec. at ¶9-11). Kam's opinion is helpful in clarifying what can be properly ascertained by an NHTSA investigation; Specifically, what can be concluded from the NHTSA's closing of an investigation after the Administration has found no safety related defect.

Kam is qualified to present expert opinion as to the NHTSA's investigative procedures and findings. Kam's specialized knowledge of the NHTSA and their regulatory and safety evaluation procedures appropriately help the trier of fact understand a relevant matter in this case. Kam served as a decorated NHTSA enforcement official after having graduated with honors from The George Washington University School of Law in 1972, and has been active in regulatory matters pertaining to the NHTSA for over 37 years. (Kam Dec. at ¶¶ 3-7, Ex. 1).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motions to Preclude the Testimony and Expert Report of Allan Kam are **denied**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       March  , 2013
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File

5