NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOANNE NEALE, et al., | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 2:10-CV-04407 (DMC)(JBC) |
| VOLVO CARS OF NORTH AMERICA, LLC, and VOLVO CAR CORPORATION: | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion for Reconsideration by Defendants Volvo Cars of North America, LLC, and Volvo Car Corporation ("Defendants") pursuant to L. Civ. R. 7.1(i) (ECF No. 381). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' Motion for Reconsideration pursuant to L. Civ. R. 7.1(i) is **denied.**

## I.    BACKGROUND

On March 26, 2013, this Court issued an Opinion that granted Plaintiffs' motion for certification of statewide classes in Massachusetts, Florida, Hawaii, New Jersey, California, and Maryland. In its Opinion, this Court found that Plaintiffs satisfied the prerequisites for class certification set out in Federal Rule of Civil Procedure 23(a), which provides that the party

seeking certification must demonstrate 1) the existence of numerosity of the class; 2) commonality of the questions of law or fact; 3) typicality of the named parties' claims or defenses; and 4) adequacy of representation. Defendants argue that this Court should reconsider its decision due to the Supreme Court's decision in Comcast Corp. v. Behrend, 133 S. Ct. 1426 (2013), which came out one day after this Court issued its Opinion. Defendants filed the instant Motion for Reconsideration on March 29, 2013 ("Def.'s Mot.," ECF No. 281). Plaintiffs filed an Opposition on April 22, 2013 (ECF No. 285).

## II.    STANDARD OF REVIEW

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (citation omitted).  Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).  Local Rule 7.1(i), under which such motions are governed, does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd 37 F.3d 1485 (3d Cir. 1994). It is improper to "ask the court to rethink what it ha[s] already thought through — rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Rather, a motion for reconsideration may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent

2

manifest injustice. <u>Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.</u>, 825 F. Supp. 1216,

1220 (D.N.J. 1993); <u>see also</u> <u>North River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194,

1218 (3d Cir. 1995).

## III.   DISCUSSION

Defendants argue that this Court should reconsider its Opinion that granted Plaintiffs'

motion for certification of statewide classes due to the Supreme Court's decision in <u>Comcast</u>.

That case involved a class of former and current subscribers of Comcast who sought damages

for alleged violations of federal antitrust laws. <u>Comcast</u>, 133 S. Ct. at 1429-30. The plaintiffs

proposed four different theories of antitrust violation, but the District Court only accepted one.

<u>Id.</u> at 1430-31. To establish damages, the plaintiffs relied on the testimony of one expert, who

designed a damages model. <u>Id.</u> at 1431. However, this model did not isolate damages from any

one theory of antitrust violation. <u>Id.</u> The District Court certified the class, and the Court of

Appeals affirmed. <u>Id.</u> In response to the defendants' argument that the damages model failed to

attribute damages to the only theory of antitrust violation remaining in the case, the Court of

Appeals found that "such an 'attac[k] on the merits of the methodology [had] no place in the

class certification inquiry.'" <u>Id.</u> (quoting <u>Behrend v. Comcast Corp.</u>, 655 F.3d 182, 207 (3d Cir.

2011)). The Supreme Court reversed and stated the following:

> Respondents' class action was improperly certified under Rule 23(b)(3). By
> refusing to entertain arguments against respondents' damages model that bore on
> the propriety of class certification, simply because those arguments would also be
> pertinent to the merits determination, the Court of Appeals ran afoul of our
> precedents requiring precisely that inquiry. And it is clear that, under the proper
> standard for evaluating certification, respondents' model falls far short of
> establishing that damages are capable of measurement on a classwide basis.

3

Id. at 1432-33. Essentially, because the case had been reduced to one theory of antitrust violation, the Supreme Court found that the damages model was improper because it did not distinguish damages arising from this theory from damages arising from the three theories that the District Court decided were invalid. Id. at 1433. As such, the Supreme Court stated that the model "cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)." Id.

In the present case, Defendants argue that the Court should reconsider its Opinion because "[i]n Comcast, as here, the lower courts refused to entertain the defendant's damages arguments" (Def.'s Mot. at 3). However, this case is entirely distinguishable from Comcast. In Comcast, the damages theory was based on a model designed by an expert that compared actual cable prices with hypothetical prices that would have existed if the defendants had not engaged in the alleged anticompetitive activities. Id. at 1431. Here, the damages issue is much more straightforward – all class members who purchased Defendants' product were allegedly damaged by a design defect. As this Court stated in its Opinion: "This is a classic example of a case that warrants class action. Plaintiffs seek to represent six statewide classes of Volvo purchasers or lessees whose individual damages may well be small enough to render individual litigation prohibitively expensive." Neale v. Volvo Cars of N. Am., LLC, No. 2:10-CV-4407, 2013 WL 1223354, at *12 (D.N.J. Mar. 26, 2013). Defendants cannot reasonably point to Comcast and argue that because the Supreme Court rejected a flawed hypothetical damages model in that case, certification in this case was improper. Further, in Comcast, the plaintiffs

4

solely relied on one expert to establish classwide damages, and the Supreme Court found that expert's methodology to be unsound. <u>Comcast</u>, 133 S. Ct. at 1431. Here, Defendants have already moved to preclude Plaintiffs' damages expert and this Court denied the motion because "Plaintiffs' arguments regarding damages in their Motion for Class Certification do not rely exclusively on [the expert's] Report." <u>Neale v. Volvo Cars of N. Am., LLC</u>, No. 2:10-CV-4407, 2013 WL 785056, at *4 (D.N.J. Mar. 1, 2013). Because this case is distinguishable from <u>Comcast</u>, this Court finds no reason to reconsider its Opinion. Accordingly, Defendants' Motion is denied.

IV.   <u>CONCLUSION</u>

For the reasons stated, it is the finding of this Court that Defendants' Motion for Reconsideration pursuant to Local Rule 7.1(i) is **denied**.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:        October 16, 2013
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. James B. Clark, U.S.M.J.
             File

5