NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOANNE NEALE, et al., | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : | **OPINION** |
| v. | : | Civil Action No. 2:10-cv-4407 (DMC)(JBC) |
| VOLVO CARS OF NORTH AMERICA, LLC, and VOLVO CAR CORPORATION | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion for Reconsideration by Defendants Volvo Cars of North America, LLC, and Volvo Car Corporation ("Defendants") pursuant to L. Civ. R. 7.1(i) (ECF No. 277). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' Motion for Reconsideration pursuant to L. Civ. R. 7.1(i) is **denied**.

**I. BACKGROUND**

On February 28, 2013, this Court granted Plaintiffs' Motion to Preclude the Testimony of Defendants' Expert Christine T. Wood ("Wood"), finding that Wood's opinions were not based on a review of facts specific to this case. For example, Wood concluded that vehicle purchasers would not read the owner's manuals that Plaintiffs claim should have been provided to them

because they are hundreds of pages long. However, Wood conceded that she did not review the manuals for the vehicles in this case and did not know how long they were. Wood also stated she had no idea what kind of safety information was contained in the manuals, yet admitted that this could affect how the information is processed due to the amount of "information to filter through." Additionally, in Wood's proffered opinion on the effectiveness of recall notices, she cited a general study that demonstrated that, on average, 70% of vehicle owners respond to recall notices, with response rates as low as 23% and as high as 96%. However, Wood never ascertained where Volvo owners fell within that range. Accordingly, this Court excluded Wood's testimony as speculative and without foundation. Defendants filed the instant Motion for Reconsideration on March 14, 2013 ("Def.'s Mot.," ECF No. 277). Plaintiffs filed an Opposition on April 1, 2013 ("Pl.'s Opp'n," ECF No. 284).

## II.     STANDARD OF REVIEW

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (citation omitted). Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). Local Rule 7.1(i), under which such motions are governed, does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd 37 F.3d 1485 (3d Cir. 1994). It is improper to "ask the court to rethink what it ha[s] already

thought through — rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

## II.     **DISCUSSION**

Defendants do not allege that there has been an intervening change in controlling law or that there is new evidence that was not previously available. Rather, Defendants argue that its Motion for Reconsideration should be granted because this Court's "grounds for exclusion were based on clear errors of fact and law" (Def.'s Mot. at 4).

Defendants first argue that this Court should not have excluded Wood's opinions regarding the owner's manuals because Wood testified that owner's manuals are hundreds of pages long, and Defendants did in fact submit a Volvo manual to the Court that is hundreds of pages long (Def's Mot. at 4-5). However, Wood also admitted that she did not read the manuals for the vehicles in this case. Thus, the fact that she correctly guessed that the Volvo manual submitted to the court was hundreds of pages does not make her testimony relevant to this case. Defendants also argue that Wood adequately relied on a published study showing that different people read different parts of an owner's manual (Id. at 5). This study concluded that as little as 27% of drivers read the owner's manual and only 1% seek out safety information (Id.). However,

as Plaintiffs correctly point out, this study relates to warning compliance rather than how a disclosure affects a purchasing decision. Also, a single study does not render an expert's opinion reliable. Defendants further argue that Wood's opinions should be admissible because she relied on testimony from one of the named Plaintiffs. However, simply quoting a named Plaintiff's isolated statements does not render Wood's testimony helpful and reliable.

With respect to the recall notices, Defendants argue that this Court misunderstood the content of Wood's opinion regarding the study that demonstrated the percentage of people that respond to recall notices (Def's Mot. at 8). Defendants assert that because this study shows that a significant amount of vehicle owners ignore safety recalls, it shows that some members of the Class would ignore a disclosure made by Volvo regarding water leaks that could occur from clogged sunroof drains (Id.). However, Wood neglected to collect any information specifically relevant to Volvo owners. Thus, this Court was correct in deciding that her opinions are not based on facts from this case.

Essentially, Wood's opinions do not relate to the substance of the instant case. Therefore, this Court was correct in deciding that a rational finder of fact could not draw helpful conclusions about this case from Wood's general observations. The fact that Wood's opinions rest heavily on the cited studies instead of the specific facts of this case is particularly telling. Accordingly, this Court did not make a clear error of law, and Defendants' Motion for Reconsideration is **denied**.

## IV. <u>CONCLUSION</u>

For the reasons stated, it is the finding of this Court that Defendants' Motion for

Reconsideration pursuant to Local Rule 7.1(i) **is denied**.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date: October 4, 2013
Orig.: Clerk
cc: All Counsel of Record
Hon. James B. Clark, U.S.M.J.
File