NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNE NEALE, et al., | Hon. Dennis M. Cavanaugh |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 2:10-CV-04407 (DMC)(JBC) |
| VOLVO CARS OF NORTH AMERICA, LLC, and VOLVO CAR CORPORATION | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion for Reconsideration by Defendants Volvo Cars of North America, LLC, and Volvo Car Corporation ("Defendants") pursuant to L. Civ. R. 7.1(i) (ECF No. 278). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' Motion for Reconsideration pursuant to L. Civ. R. 7.1(i) is **denied**.

I. BACKGROUND

On March 1, 2013, this Court granted Plaintiffs' Motion to Preclude the Declaration and Testimony of Defendants' Expert Edward Caulfield. Caulfield had submitted two reports in this action: one dated July 2, 2012 (the "July Declaration"), and one dated September 25, 2012 (the "September Declaration"). With respect to the July Declaration, this Court found that it was not

supported by good grounds because Caulfield "admitted [his] lack of preparation and sound methodology." Neale v. Volvo Cars of N. Am., LLC, No. 2:10-CV-4407, 2013 WL 785059, at *4 (D.N.J. Mar. 1, 2013). With respect to the September Declaration, this Court stated that "Caulfield's opinions are not reliable as they are not based on adequate, substantive research, a fact Caulfield admitted to in his deposition," and that "Defendants cannot rely exclusively on Caulfield's past experience to create a reasonable basis for his opinions." Id. at *5. Defendants filed the instant Motion for Reconsideration on March 14, 2013 ("Def.'s Mot.," ECF No. 278). Plaintiffs filed an Opposition on April 1, 2013 (ECF No. 282).

## II. STANDARD OF REVIEW

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (citation omitted). Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). Local Rule 7.1(i), under which such motions are governed, does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd 37 F.3d 1485 (3d Cir. 1994). It is improper to "ask the court to rethink what it ha[s] already thought through — rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously

available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

## III. DISCUSSION

Defendants do not claim that an intervening change in the law has occurred or that new evidence has become available. Rather, Defendants argue that Caulfield's testimony was "erroneously excluded as a matter of both fact and law" (Def's Mot. at 2). This Court excluded the July and September Declarations in their entirety. In its Motion, Defendants parse a number of statements made in the Declarations and argue why each of the individual statements should be admissible. However, this Court had sound reasons for excluding the Declarations in their entirety. For example, with respect to the July Declaration, Caulfield admitted in a deposition that he had not done much work on the case before rendering the July Declaration, and in fact, had only spent five total hours on the case prior to the deposition. Caulfield also made numerous admissions in this deposition that showed that he did not have a full understanding of the matters discussed in the July Declaration. The September Declaration was also properly excluded. For example, although this Declaration challenges an investigation done by one of Plaintiffs' experts as not being the product of sound scientific principles, Caulfield admitted in a deposition that he did not follow these scientific principles in the September Declaration. This deposition contained a number of additional damaging admissions. For example, while Caulfield asserts in the September Declaration that the majority of vehicle manufacturers do

not include information about maintenance of sunroof drains in their manuals, he admitted in the deposition that he had not recently looked at any other manuals aside from excerpts of Audi and Volkswagen manuals provided to him by Plaintiff's counsel at his prior deposition.

The above reasons, along with the others set forth in this Court's Opinion, were sufficient to exclude Caulfield's opinions. Defendants are simply unhappy with this Court's decision and wish change the outcome. This is not a proper reason to bring a motion for reconsideration. See Ortani Sav. & Loan Ass'n, 744 F. Supp. 1311 at 1314 (stating that "parties should not be permitted to reargue previous rulings made in the case" in a motion for reconsideration). Accordingly, Defendants' Motion is denied.

## IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' Motion for Reconsideration pursuant to Local Rule 7.1(i) is **denied**.

Dennis M. Cavanaugh, U.S.D.J.

Date: October /6 2013
Orig.: Clerk
cc: All Counsel of Record
Hon. James B. Clark, U.S.M.J.
File

4