**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNE NEALE, et al., | CIVIL ACTION NO. 10-4407 (JLL) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| VOLVO CARS OF NORTH AMERICA, LLC, et al., | |
| Defendants. | |

**LINARES, District Judge**

This is a putative class action concerning the sunroofs of certain vehicles (hereinafter, "the Vehicles") that were manufactured, and then were sold or leased to consumers, by the defendants, Volvo Cars of North America, LLC, and Volvo Car Corporation. The plaintiffs allege that the drainage tubes in the Vehicles' sunroof drainage systems had sound plugs at the ends that: (1) were supposed to reduce the amount of exterior wind noise entering the Vehicles' cabin, while still draining water from the sunroof; but instead (2) inhibited the flow of water and debris through those tubes, thereby damaging the Vehicles' interior components, carpets, and safety-related electronics when water became trapped in the passenger compartment. (See dkt. 66.)[1]

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

The Court presumes that the parties are more-than familiar with the factual context and the extensive procedural history of the action. See Neale v. Volvo Cars of N. Am., LLC, 794 F.3d 353 (3d Cir. 2015), rev'g No. 10-4407, 2013 WL 1223354 (D.N.J. Mar. 26, 2013), and No. 10-4407, 2013 WL 5674355 (D.N.J. Oct. 16, 2013); see also Neale v. Volvo Cars of N. Am., LLC, No. 10-4407 (hereinafter abbreviated as "Neale"), 2016 WL 7165738 (D.N.J. Apr. 20, 2016); Neale, 2013 WL 5676640 (D.N.J. Oct. 16, 2013); Neale, 2013 WL 5676629 (D.N.J. Oct. 16, 2013); Neale, 2013 WL 795597 (D.N.J. Mar. 4, 2013); Neale, 2013 WL 785059 (D.N.J. Mar. 1, 2013); Neale, 2013 WL 785056 (D.N.J. Mar. 1, 2013); Neale, 2013 WL 784962 (D.N.J. Mar. 1, 2013); Neale, dkt. 272 & dkt. 273 (D.N.J. Mar. 1, 2013); Neale, 2011 WL 1362470 (D.N.J. Apr. 11, 2011).

Currently pending before the Court are three motions:

(1) the defendants' motion to exclude the opinion of the plaintiffs' expert Charles Benedict from the Court's consideration of the plaintiffs' forthcoming motion for class certification (see dkt. 362; dkt. 362-1; dkt. 363; dkt. 364 through dkt. 364-6; dkt. 381), which the plaintiffs oppose (see dkt. 373);

(2) the plaintiffs' motion to exclude the opinion of the defendants' expert M. Laurentius Marais, which will be filed in opposition to the plaintiffs' forthcoming motion for class certification, from the Court's consideration (see dkt. 367 through dkt. 367-3; dkt. 380), which the defendants oppose (see dkt. 372; dkt. 372-1); and

(3) the defendants' motion to exclude the opinion of the plaintiffs' expert Patrick Passarella from the Court's consideration of the plaintiffs' forthcoming motion for class certification (see dkt. 377 through dkt. 377-3; dkt. 382; dkt. 385), which the plaintiffs oppose (see dkt. 379; dkt. 383; dkt. 386).

For the following reasons, the Court denies all three motions.

## DISCUSSION

### I.  Legal Standard

The Third Circuit Court of Appeals has summarized the standard for resolving a motion to exclude the opinion of a party's expert, in view of Federal Rule of Civil Procedure 702 and the holding in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993):

> Under Rule 702, expert testimony must meet three separate requirements to be admissible. First, the witness must be qualified to testify as an expert by possessing specialized expertise. See Calhoun v. Yamaha Motor Corp. U.S.A., 350 F.3d 316, 321 (3d Cir. 2003). Second, the expert's testimony must be reliable — it "must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation,' " and "the expert must have 'good grounds' for his or her belief." In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 742 (3d Cir. 1994) (quoting Daubert, 509 U.S. at 590). Third, " 'the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact.' " Calhoun, 350 F.3d at 321 (quoting Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 405 (3d Cir. 2003)). Expert testimony is not helpful "when the untrained layman would be qualified to determine ... the particular issue without enlightenment from those having a specialized understanding of the subject involved in the

dispute," Fed. R. Evid. 702 advisory committee's note 1972 proposed rules, and expert testimony may be based on experience so long as that experience provides appropriate validation for the proposed testimony. See Daubert, 509 U.S. at 590 (noting that to qualify as scientific, technical, or specialized "knowledge," "[p]roposed testimony must be supported by appropriate validation — i.e., 'good grounds,' based on what is known.").

....

[A] District Court . . . [may exercise] its discretion in declining to hold a Daubert hearing before deciding to exclude . . . testimony. [A district court may decide] not to hold a Daubert hearing where the basis for the expert's testimony was clear and the record was adequate to support a determination on admissibility. See [Oddi v. Ford Motor Co., 234 F.3d 136,] 154–55 [(3d Cir. 2000)]. . . . Moreover, . . . [the parties] are not entitled to an open-ended and never-ending opportunity to overcome a Daubert challenge. See [id.] at 154.

Senese v. Liberty Mut. Ins. Co., 661 Fed.Appx. 771, 774–76 (3d Cir. 2016); see also In re SemCrude L.P., 648 Fed.Appx. 205, 213–14 (3d Cir. 2016) (stating that a federal court acts as the gatekeeper for the opinions of experts, and that the proponent of an expert opinion must demonstrate by a preponderance of the evidence that the opinion is reliable).

## II.   The Plaintiffs' Expert Benedict

The plaintiffs submit the opinion of Benedict that the sound plugs at the ends of the drainage tubes suffer from a common design defect in all of the Vehicles that caused water to infiltrate — and thus cause damage to — the interior of the Vehicles, for consideration by the Court.

4

The defendants do not appear to challenge Benedict's qualifications here. Nevertheless, the Court finds that Benedict is indeed qualified as an expert, based upon his status, career, and experience as an engineer.

The Court finds that Benedict's opinion that the Vehicles have a common design defect, and that the defect is susceptible to common proof, is sufficiently reliable to permit its consideration in support of the plaintiffs' forthcoming motion for class certification. Benedict examined, analyzed, and measured the sounds plugs that were installed in the Vehicles, and he opines that the same allegedly-defective design was used in all of the Vehicles. In doing so, Benedict relied upon the statements from the defendants' own employees, who asserted that the sound plugs have the same function and design across all of the Vehicles.

The Court rejects the defendants' argument that Benedict failed to extensively test the sunroof drainage systems, because that argument goes to the *weight* — as opposed to the issue currently before the Court, i.e., the *admissibility* — of Benedict's opinion for the purposes of the consideration of the plaintiffs' forthcoming motion for class certification. See Schwartz v. Avis Rent A Car Sys., LLC, No. 11-4052, 2014 WL 4272018, at *4–5 (D.N.J. Aug. 28, 2014) (holding that a party's argument that an opinion is based upon an expert's subjective beliefs, as opposed to being based upon a study conducted by the expert, is relevant to the weight, not the admissibility, of the expert's conclusion). The plaintiffs are not tasked at this juncture with proving that the sound plugs were defective; rather, they are tasked with showing that the defect arguably can be demonstrated to exist through common proof.

Furthermore, the Court finds that Benedict's expert opinion will be of assistance: (1) in the consideration of the forthcoming motion for class certification; and (2) in potentially helping a trier of fact to understand the safety issues created by the alleged defect, as well as the need to maintain the sunroof drainage system. For example, Benedict opines that the defendants designed the Vehicles' interiors in such a way as to harbor water, and installed the Vehicles' electrical components in such a way that they would be exposed to water when the drainage system clogged, thereby causing those components to malfunction.

The Court's conclusion concerning the admissibility of Benedict's opinion for the purposes of a class certification determination should appear to be familiar to the parties, because that determination has already been made by the District Court Judge who was previously assigned to this case. See 2013 WL 785056, at *3–6. Furthermore, the subsequent holding in this case by the Third Circuit Court of Appeals neither addressed nor affected that previous determination concerning Benedict's expert opinion. See 794 F.3d 353, 356–75. Therefore, the defendants' motion to exclude Benedict's expert opinion is denied, and Benedict's opinion will be considered for the purposes of the plaintiffs' forthcoming motion for class certification.[2]

---

[2] The defendants argue that Benedict's opinion was not subjected to a Daubert analysis in the previous opinion, but that argument is without merit. See 2013 WL 785056, at *3–6 (specifically engaging in a Daubert analysis concerning Benedict's opinion). The holding by the Third Circuit Court of Appeals in In re Blood Reagents Antitrust Litigation, 783 F.3d 183 (3d Cir. 2015), upon which the defendants heavily rely, does not require a contrary result here.

### III. The Defendants' Expert Marais

The defendants submit for consideration by the Court the opinion of Marais concerning the issue of the damages calculation. The defendants seek to counter the opinion of the plaintiffs' mathematical and statistical expert, Walter Bratic, on: (1) the costs associated with repairing the alleged drainage defect in the Vehicles; (2) the number of Vehicles that are still in use that Bratic addressed by using a nationwide model, as opposed to a model that assesses each state individually; and (3) the potential process by which the Vehicles can be located and the proposed class members can be ascertained. For instance, Bratic proposes that the damages should be calculated by multiplying the estimated number of Vehicles that are still in use by an estimate of the cost to modify the sunroof drainage system for each of the Vehicles.

The Court rejects the plaintiffs' argument that the opinion submitted by Marais should be barred as being untimely at this juncture. The plaintiffs' earlier motion for class certification was granted by the previously-assigned District Court Judge in March 2013, but the Third Circuit Court of Appeals reversed that earlier decision in 2015, thereby changing the course of this litigation. It would be unjust for the Court to prevent the defendants from submitting Marais's opinion in view of the passage of time and in view of the contents of the plaintiffs' forthcoming motion for class certification.

The Court also concludes that Marais's opinion passes muster under Daubert in order to be considered as part of the opposition to the forthcoming motion for class certification. The plaintiffs find fault with the portion of Marais's opinion that suggests

avoiding the expense of altering the sunroof drainage systems for all of the Vehicles, and instead suggests it would be more economical to insure the Vehicles against the alleged damages at issue here, in view of what Marais characterizes as the low failure rate of the Vehicles having the alleged sunroof defect. The plaintiffs also find fault with the concerns expressed by Marais that: (1) the defendants' records of the original purchases and leases of the Vehicles will be of no use when determining where the Vehicles are located now; and (2) the vehicle registration data that is maintained by states will not reflect where a given Vehicle was bought or leased. However, the plaintiffs' arguments go to the weight of Marais's opinion, whereas the Court is currently only concerned with the admissibility of that opinion for the purposes of the forthcoming class certification determination.

Furthermore, the Court believes that Marais's opinion will be helpful in addressing the forthcoming arguments concerning whether the proposed class members can be ascertained. Therefore, the Court finds that Marais's opinion is reliable and will be of assistance to the Court in making its determination concerning class certification.[3]

Therefore, the plaintiffs' motion to exclude Marais's expert opinion is denied, and Marais's opinion will be considered for the purposes of the defendants' opposition to the plaintiffs' forthcoming motion for class certification.

---

[3] The plaintiffs do not challenge Marais's qualifications. The Court notes that Marais possesses a doctorate in business administration, mathematics, and statistics, and that he has vast experience in the field of applied mathematical and statistical analysis.

IV.  **The Plaintiffs' Expert Passarella**

The plaintiffs submit for the Court's consideration the opinion of Passarella to counter Marais's opinion about the process of ascertaining the current location of the Vehicles. Whereas Marais opines that the current locations of the Vehicles will be difficult to ascertain, Passarella opines that the vehicle identification numbers for the Vehicles can be processed through the registration databases maintained by each state, and that matches can then be made that will provide the identities of the current owners and the previous owners of the Vehicles. Furthermore, Passarella opines that the defendants indeed have a database of vehicle identification numbers that gives rise to the ability to track the current owners of the Vehicles through records maintained by the states.

The Court finds that the opinion of Passarella is sufficiently reliable and helpful in order to permit its consideration when the forthcoming motion for class certification is addressed, particularly because Passarella's opinion addresses the issue of the ascertainability of the class.[4] Whether Passarella's assertions are ultimately found to be correct is a determination that goes to the weight that the Court may give his opinion, as opposed to the issue of whether his opinion is admissible. Furthermore, any argument by the defendants that an expert's opinion concerning the ascertainability issue for the forthcoming motion for class certification would not be helpful to the Court must be

---

[4] The defendants do not challenge Passarella's qualifications. The Court notes that Passarella has extensive experience as a class action administrator.

rejected. Therefore, the defendants' motion to exclude Passarella's expert opinion is denied, and Passarella's opinion will be considered for the purposes of the plaintiffs' forthcoming motion for class certification.

## CONCLUSION

For the aforementioned reasons, this Court: (1) denies the defendants' motion to exclude the opinion of the plaintiffs' expert Charles Benedict from the Court's consideration (see dkt. 362); (2) denies the plaintiffs' motion to exclude the opinion of the defendants' expert M. Laurentius Marais (see dkt. 367); and (3) denies the defendants' motion to exclude the opinion of the plaintiffs' expert Patrick Passarella (see dkt. 377).

The Court will enter an appropriate order and judgment.

_____
JOSE L. LINARES
United States District Judge

**Dated:** April ___3rd___, 2017