UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNE NEALE, et. al.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>VOLVO CARS NORTH AMERICA, LLC, et ano.<br><br>    *Defendants.* | Civil Action No. 10-4407<br><br>ORDER |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiffs'[1] renewed Motion for Class Certification, ECF No. 431;

and it appearing that Volvo Cars North America and Volvo Car Corporation (collectively, "Volvo" or "Defendants") oppose the motion, ECF No. 437;

and it appearing that under Federal Rule of Civil Procedure 23(a), class members "may sue or be sued as representative parties on behalf of all [class] members only if" they meet the numerosity, commonality and typicality and adequacy requirements of Rule 23(a) and the action satisfies the requirements of Rule 23(b);

and it appearing that in order to certify a class, the Court must make "a finding that each of the requirements of Rule 23 has been met," In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 320 (3d Cir. 2008), as amended (Jan. 16, 2009);

and it appearing that Federal Rule of Civil Procedure 23(a)(1) requires the Court to find that the proposed class "is so numerous that joinder of all members is impracticable," which in this

---

[1] Plaintiffs are Joanne Neale, Keri Hay, Kelly McGary, Svein A. Berg, Gregory P. Burns, David Taft, Jeffrey Kruger and Karen Collopy.

1

Circuit, "is generally satisfied if there are more than 40 class members," In re Nat'l Football League Players Concussion Injury Litig., 821 F.3d 410, 426 (3d Cir. 2016), as amended (May 2, 2016);

and it appearing that numerosity is a "factual determination," and that Plaintiffs bear the "'burden to demonstrate numerosity by a preponderance of the evidence,'" Mielo v. Steak 'n Shake Operations, Inc., 897 F.3d 467, 484 (3d Cir. 2018) (quoting Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 358 (3d Cir. 2013));

and it appearing that where "where a putative class is some subset of a larger pool, the trial court may not infer numerosity from the number in the larger pool alone," but rather must engage in a rigorous analysis to find the class sufficiently numerous, Hayes, 725 F.3d at 358;[2]

and it appearing that where the subset of the larger pool that a plaintiff seeks to have certified as a class is limited by the class definition to only those residents of certain states, or by other criteria, the Court must determine whether a plaintiff has presented "sufficient circumstantial evidence specific to the products, problems, parties, and geographic areas actually covered by the class definition to allow a district court to make a factual finding," and only then may the Court "rely on 'common sense' to forgo precise calculations and exact numbers" and find numerosity satisfied, Marcus, 687 F.3d at 596;

---

[2] In Hayes, the Third Circuit found plaintiff had failed to establish numerosity where his evidence consisted of a pool of transactions, only a fraction which included potential class members' transactions. 725 F.3d at 358. The Court held that the district court abused its discretion in determining that the class was sufficiently numerous by assuming that if even 5% of the larger pool were class transactions, that the proposed class would be sufficiently numerous. Id. at 356. This was error because "speculation as to the number of class members—even if such speculation is 'a bet worth making'—cannot support a finding of numerosity." Id. at 357 (quoting Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 596 (3d Cir. 2012)). To show numerosity, a plaintiff must "show either direct or circumstantial evidence specific to the problems and products involved in the litigation so the trial court may determine whether there are in fact sufficiently numerous parties to warrant class action treatment. Without such evidence, plaintiff cannot prove numerosity by a preponderance of the evidence." Id. at 358.

and it appearing that Plaintiffs seek to certify four statewide classes, for the states of New Jersey, California, Florida and Massachusetts, defined as:

> All persons who at any time between April 29, 2004 and December 31, 2015, purchased or leased a Class Vehicle from an authorized Volvo dealership in [the class state] and also resided in that state at the time of that purchase or lease; and, as of the date of the Court's class certification order, either: (a) still own that Class Vehicle; or (b) can offer proof or otherwise be identified as having incurred prior out-of-pocket expenses related to repairs associated with the Sunroof Defect, regardless of whether such person still owns or leases that Class Vehicle. Specifically excluded from the class is any person who is or was a lessor of the Class Vehicle

Pl.'s Notice of Mot., ECF No. 431-1;

and it appearing that Plaintiffs have submitted sales figures from Defendants showing the number of new Class Vehicles[3] sold in each of the four proposed class states, arguing that because these figures demonstrate that thousands of Class Vehicles were sold in each state, the classes are sufficiently numerous, Pl. Mem. at 20-21, ECF No. 433;

and it appearing that because Plaintiffs seek to demonstrate numerosity by showing that their putative classes are "subset[s] of a larger pool," the Court is not permitted to infer numerosity from the number in the larger pool alone, and Plaintiffs must therefore present some evidence from which the Court could conclude that each of the four proposed classes is sufficiently numerous, Hayes, 725 F.3d at 358;

and it appearing that on the current record, Plaintiffs "have presented no evidence that would permit [the Court] to use 'common sense' to determine—rather than speculate about—the portion of" the larger pool which could properly be included in Plaintiffs' proposed classes, Mielo, 897 F.3d at 486;

---

[3] Plaintiffs define the "Class Vehicles" to include the following Volvo models that came with a manufacturer-installed sunroof: "S40, S60, S80, V70 (model years 2004 to 2011); XC90 (model years 2003 to 2011); and V50 (model years 2005 to 2011)." Pl. Mem. at 1 n.1.

3

and it appearing that although Plaintiffs have shown that "above 80 percent" of the Class Vehicles had sunroofs, Bisaccia Dep., ECF No. 446.1 at 73, Plaintiffs have not advanced any evidence that would permit the Court to infer (a) what proportion of the larger pool resided in the relevant state at the time of purchase or lease; (b) what proportion of the larger pool who resided in the relevant state still either own or lease their Class Vehicle; or (c) what proportion of the larger pool both resided in state at the time of purchase or lease incurred out-of-pocket expenses associated with the Sunroof Defect;[4]

and it appearing that Plaintiffs' argument that deposition testimony demonstrates that more than one hundred thousand vehicles were sold nationally, and that thousands of vehicles had "leak repairs" does not permit the Court to find the four classes sufficiently numerous, Densley Dep., ECF No. 446.1 at 55-56, as this circumstantial evidence does not permit the Court to infer that these vehicle owners or lessees either lived in one of the four proposed class states at the time they purchased or leased their Class Vehicles, or that they incurred out-of-pocket expenses associated with the Sunroof Defect;

and it appearing that the issue of ascertainability is supported by a detailed declaration from Charles Lawson, discussing how Plaintiffs could identify each putative class member by comparing Volvo's sales data to commercially available data regarding vehicle registrations, and that a similar analysis could demonstrate numerosity, see Lawson Decl. ¶¶ 13-17, ECF No. 435.1;

---

[4] The sales figures of new Class Vehicles are particularly inapposite for determining numerosity here. Rule 23 requires the number of class members to be sufficiently numerous, while Plaintiffs would have the Court find numerosity based only on the number of Class Vehicles. Under Plaintiffs' putative class definitions, only those Class Vehicles sold or leased to state residents who still have the vehicles (or who can demonstrate out-of-pocket claims) qualify as class members. Plaintiffs have presented no evidence of the proportion of Class Vehicles sold to out-of-state residents, or of the proportion of Class Vehicles that cannot support the claims of any putative class members (for instance, because the vehicle is no longer in operation, or because the vehicle was sold or leased by an entity other than an authorized Volvo dealer), nor have Plaintiffs attempted to estimate the number of class members who may have purchased or leased more than one Class Vehicle. Without some accurate basis for determining the number of claimants in each of the proposed classes, the Court is left to speculate as to the numerosity of the four putative classes.

and it appearing that the Court will permit Plaintiffs to submit further evidence in support of class certification, limited to the question of numerosity only;

**IT IS** on this 26th day of September, 2019;

**ORDERED** that Plaintiffs' Motion for Class Certification, ECF No. 431, is **DENIED WITHOUT PREJEUDCE**; and it is further

**ORDERED** that Plaintiffs are granted leave to refile a motion for class certification within sixty days of the date of this Order, limited solely to the issue of numerosity, and may incorporate by reference the remaining issues addressed but not decided in their prior motion for class certification; and it is further

**ORDERED** that Plaintiffs' motion to strike appendices B and C of Defendants Brief in Opposition, ECF No. 444, is **DENIED AS MOOT**, but should Defendants incorporate the same appendices in opposition to any renewed motion for class certification, Plaintiffs may renew their arguments for striking those appendices.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**